Docket No. 88852–Agenda 7–November 2000.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. SAMUEL HUFF, Appellee.

Opinion filed January 29, 2001.

JUSTICE MILLER delivered the opinion of the court:

The defendant, Samuel Huff, was charged with several traffic-related offenses in the circuit court of Macoupin County. The trial judge dismissed the charges, finding a violation of the speedy-trial statute. The appellate court reversed, concluding that the defendant had not filed a valid demand for a speedy trial. No. 5–97–0562 (unpublished order under Supreme Court Rule 23). On remand, the defendant moved to dismiss the charges on the ground that defense counsel was ineffective for having failed to submit a proper speedy-trial demand. The trial court agreed with the defendant and again dismissed the charges. The appellate court affirmed. 308 Ill. App. 3d 1046. We allowed the State’s petition for leave to appeal (177 Ill. 2d R. 315(a)), and we now vacate the judgment of the appellate court and remand the cause to that court for further proceedings.

The defendant was charged on September 15, 1996, with driving under the influence of alcohol, failing to reduce speed to avoid an accident, and failing to wear a seat belt. The defendant posted his driver’s license in lieu of bond. On October 15, 1996, defense counsel filed a document by which counsel entered his appearance in the matter and by which the defendant pleaded not guilty and demanded a speedy trial. The document stated:

“
ENTRY OF APPEARANCE, PLEA OF NOT GUILTY,

 AND DEMAND FOR SPEEDY JURY TRIAL

Comes now Ted E. Barylske, and enters his appearance as attorney of record for the Defendant herein and enters a plea of Not Guilty on behalf of said Defendant.

The Defendant, by his attorney, further demands a jury trial of the above styled cause within 120 days from the date he was taken into custody.

In the event that the Defendant was not taken into custody or posts a bond and is released from custody at any point after his arrest in the above styled cause, whether prior or subsequent to the filing of this Demand, he further demands a jury trial of the above styled cause within 160 days from the date of this Demand.”

The matter was originally scheduled for jury trial on February 19, 1997. On either February 13 or February 19, 1997, defense counsel made an oral motion for a continuance. The trial judge granted the motion and continued the matter to the “next jury.” The next jury call was to begin May 5, 1997. The case was not set for trial until July 1997, however. On July 14, 1997, prior to trial, the defendant filed a motion for discharge, arguing that the State had failed to bring him to trial within the time prescribed by statute. After a hearing, the trial judge granted the defendant’s motion, finding that the only delay attributable to the defendant began in February 1997, when he sought a continuance, and ended in May 1997, when the next jury call was set to begin. The judge concluded that the State had failed to bring the defendant to trial within the time limits set by statute.

The State moved for reconsideration, arguing, among other points, that the defendant had failed to cite the speedy-trial statute in his demand for a speedy trial, and that, under the appellate court’s decision in 
People v. Ground
, 257 Ill. App. 3d 956 (1994), the demand was ineffective. 
Ground 
had held that a demand for speedy trial, to be valid, must satisfy certain formal requirements, including the requirement that the demand cite the speedy-trial statute, section 103–5 of the Code of Criminal Procedure of 1963 (725 ILCS 5/103–5 (West 1996)). The trial judge denied reconsideration, reasoning that the demand in this case was sufficient to apprise the State of the defendant’s invocation of his statutory right.

The State appealed, and the appellate court reversed, finding that the defendant had not made a valid demand for a speedy trial. Relying on its previous decision in 
Ground
, the appellate court concluded that the demand in this case was insufficient because it did not specifically cite section 103–5 of the Code of Criminal Procedure. The court also noted that the defendant’s demand was made in contingent terms. The appellate court remanded the cause for further proceedings. No. 5–97–0562 (unpublished order under Supreme Court Rule 23).

On remand, defense counsel again moved to dismiss the charges, but this time on grounds of ineffective assistance of counsel. Defense counsel maintained that his failure to file a valid demand for speedy trial constituted ineffective assistance. The trial judge agreed with the defendant and dismissed the charges. The State filed a motion for reconsideration, arguing that the defendant’s argument was premature and that ineffective assistance of counsel was not a basis on which charges could be dismissed prior to trial. The trial judge denied the State’s motion.

The State appealed, and the appellate court affirmed. 308 Ill. App. 3d 1046. A majority of the court concluded that counsel was ineffective for having failed to submit an effective demand for trial. In addition, the majority questioned its earlier decision that the defendant’s speedy-trial demand was not valid. The majority suggested that the demand made in this case was sufficient, even though it did not expressly cite the speedy-trial statute, as 
Ground 
required. The dissenting justice believed that the defendant’s demand for a speedy trial was insufficient under 
Ground 
and, further, that the defendant’s claim of ineffective assistance of counsel was premature. 308 Ill. App. 3d at 1051-53 (Steigmann, J., dissenting). We allowed the State’s petition for leave to appeal (177 Ill. 2d R. 315(a)), and we now vacate the judgment of the appellate court and remand the cause to that court for further proceedings.

We may affirm the result below on any basis that is supported by the record. 
In re Application of the Cook County Treasurer
, 185 Ill. 2d 428, 436 (1998). Rather than consider whether counsel was ineffective for failing to file an effective demand for a speedy trial, we believe instead that counsel’s initial demand for trial was valid and effective, and was sufficient to constitute a demand for a speedy trial under the provisions of the statute. We note that the law of the case doctrine does not bar our consideration of this issue. 
Relph v. Board of Education of DePue Unit School District No. 103
, 84 Ill. 2d 436, 442 (1981). This is our first opportunity to address the issue in this case, and the law of the case doctrine does not limit our review here.

A defendant charged with an offense has both a constitutional and a statutory right to a speedy trial. U.S. Const., amends VI, XIV; Ill. Const. 1970, art. I, §8; 725 ILCS 5/103–5 (West 1996). The constitutional and statutory provisions address similar concerns, but they are not necessarily coextensive in their protections. 
People v. Garrett
, 136 Ill. 2d 318, 323 (1990); 
People v. Richards
, 81 Ill. 2d 454, 459 (1980). Only the statutory speedy-trial right is at issue in this appeal. Section 103–5(b) of the Code of Criminal Procedure provides, in pertinent part:

“Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant ***.” 725 ILCS 5/103–5(b) (West 1996).

The statute does not itself require a defendant to invoke its protections in any particular form. The question presented here is whether the defendant’s demand for trial, filed on October 15, 1996, constituted an effective demand for a speedy trial under section 103–5(b). The appellate court, in its initial decision in this case, concluded that the demand was not effective. The court noted that the demand failed to cite section 103–5(b), a requirement imposed by an earlier appellate decision, 
People v. Ground
, 257 Ill. App. 3d 956 (1994). In 
Ground
, defense counsel filed a document titled “ENTRY OF APPEARANCE.” Included on that form was the following sentence: “Defendant having by these presents waived arraignment hereby requests immediate trial by jury.” 
Ground
, 257 Ill. App. 3d at 957. The appellate court in 
Ground 
concluded that the brief reference in the “Entry of Appearance” to an “immediate trial by jury” was not sufficient to constitute a demand for a speedy trial under the provisions of section 103–5(b) of the Code of Criminal Procedure. The court noted that in its earlier decision in 
People v. Holm
, 188 Ill. App. 3d 908 (1989), it had held that a demand for a speedy trial must be clear and unequivocal. The court agreed with the State’s argument in that case that a defendant must make a clear and specific demand for a speedy trial. The 
Ground 
court went on to state:

“Accordingly, we hold that a defendant’s demand for a speedy trial under section 103–5(b) of the Code must be set forth 
in the title or heading 
of any pleading containing that demand. The title or heading must say that the defendant ‘demands a speedy trial’–a phrase which we recognize as a term of art. We further hold that the body of the pleading containing the purported speedy trial demand must make explicit reference to section 103–5(b) of the Code. Clarifying our holding in 
Holm
, we now hold that a defendant’s demand for speedy trial is ‘clear and unequivocal’ 
only 
when the foregoing requirements are met.” (Emphasis in original.) 
Ground
, 257 Ill. App. 3d at 959-60.

We do not agree with the conclusion in 
Ground 
that a demand for a speedy trial is valid only if it satisfies the requirements set forth in 
Ground. 
The court in that case imposed a remedy that went far beyond the problem before it. As we have noted, section 103–5(b) does not require that a demand for a speedy trial be in any particular form. In this respect, the provision stands in contrast to a related statute, that involving demands for trial by inmates of the Department of Corrections who are facing untried charges. The provision on intrastate detainers, section 3–8–10 of the Unified Code of Corrections (730 ILCS 5/3–8–10 (West 1996)), requires that an inmate’s demand for trial contain specific information about the inmate’s incarceration and untried charges. This court has determined that a demand under that provision is not effective unless it contains the statutorily required information. 
People v. Staten
, 159 Ill. 2d 419, 429-30 (1994). It should be noted that, although 
Staten 
cited 
Ground 
favorably for the requirement that a demand for trial be contained in the title or heading of a pleading and expressly state that it is for a speedy trial, 
Staten 
did not address the question raised here.

The demand filed by the defendant in the present case was, we believe, sufficient to invoke the protections of the speedy-trial statute. The caption of the form filed by defense counsel explicitly referred to the defendant’s speedy-trial demand–the document bore the heading, “Entry of Appearance, Plea of Not Guilty, and Demand for Speedy Jury Trial.” In addition, the body of the form expressly invoked the defendant’s statutory rights, demanding trial within 160 days from the date of the demand. Nothing in the form, or the circumstances in which it was filed, suggests that the document was calculated to camouflage the defendant’s demand or otherwise hide it from the prosecution’s notice. Indeed, at no time in the circuit court proceedings did the prosecution argue that it had been unaware of the defendant’s demand for a speedy trial or had been unsure whether he was actually out of custody. For these reasons, we do not believe that defense counsel’s failure to specifically cite section 103–5(b) in the speedy-trial demand rendered the demand ineffective. See 
People v. Dockery
, 313 Ill. App. 3d 684, 686 (2000) (giving effect to demand that bore heading “ ‘DEMAND FOR SPEEDY JURY TRIAL,’ ” which was filed on counsel’s entry of appearance, stated that defendant “demands a speedy trial by jury in the above styled causes,” but failed to specifically cite speedy-trial statute).

In this respect, the demand filed by the present defendant is much different from purported demands in a number of cases that have been found to be insufficient. As we have noted, the demand at issue in 
Ground 
was a brief, single sentence in a document that referred to itself only as an entry of appearance. 
Ground
, 257 Ill. App. 3d at 957 (“Defendant having by these presents waived arraignment hereby requests immediate trial by jury”). In 
People v. Dunskus
, 282 Ill. App. 3d 912, 918 (1996), the pleading bore the title “ ‘APPEARANCE’ ” and said, “ ‘The undersigned, as attorney, enters the appearance of defendant and demands trial.’ ” The appellate court found that this was not a sufficient demand for a speedy trial. In 
People v. Erickson
, 266 Ill. App. 3d 273, 276 (1994), the demand was at the bottom of a form titled “ ‘APPEARANCE’ ” and said only “ ‘Defendant demands jury trial, enters a plea of not guilty and demands an immediate trial.’ ” The court similarly concluded that this was not an effective demand for a speedy trial. In 
People v. Milsap
, 261 Ill. App. 3d 827, 829 (1994), the demand cited the appropriate statutes but was called a “ ‘Demand for Final Disposition,’ ” left the particular case number blank, and was filed in a sheaf of papers pertaining to a different case.

The question remains whether the trial court, in its initial order, correctly calculated the time involved and attributed the delay from February to May 1997, and not later, to the defendant. The appellate court did not consider this issue in its initial opinion, deciding then that the defendant’s speedy-trial demand was not valid. The appellate court’s second decision, affirming the finding of ineffective assistance of counsel, apparently assumed that the trial judge’s determination was correct, for it believed that the defendant was prejudiced by the invalid demand, but did not directly address the issue then either. The parties have not fully briefed that issue here, and therefore we believe that the appropriate course is to remand the cause to the appellate court so that this question may be considered there.

For the reasons stated, the judgment of the appellate court is vacated and the cause is remanded to that court for further proceedings.

Judgment vacated;

cause remanded.