2023 IL App (3d) 210462

Opinion filed May 11, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0462 Circuit No. 17-DT-73 |
| | ) | |
| DEAN A. RESSER, | ) ) | The Honorable Gregory Chickris and James Cosby |
| Defendant-Appellant. | ) | Judges, presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court, with opinion.
Justices Albrecht and Peterson concurred in the judgment and opinion.

_____

**OPINION**

¶ 1    In May 2017, defendant, Dean A. Resser, was charged with two counts of driving under the influence (DUI) (625 ILCS 5/11-501(a)(1), (3) (West 2016)) and released on bond. Less than two weeks later, defendant filed a demand for a speedy trial. In July 2018, defendant filed two motions *in limine*. The trial court ruled on defendant's motions on October 2, 2018, and set trial for October 22, 2018. On October 16, 2018, the State filed a motion *in limine*. The trial court held a hearing on the motion in March 2019 and issued its decision in May 2020. Defendant filed motions to dismiss on speedy-trial grounds, which the trial court denied. The case proceeded to a bench trial, and the court found defendant guilty of DUI. Defendant appeals, arguing that the trial

court should have dismissed the charges against him because his speedy-trial rights were violated. We agree and reverse defendant's conviction.

¶ 2                                I. BACKGROUND

¶ 3        On May 6, 2017, defendant Dean Resser was involved in a single-vehicle accident. After arriving on the scene, police issued defendant a uniform traffic citation and complaint charging defendant with two counts of DUI (*id.*). The next day, defendant was released on bond.

¶ 4        On May 19, 2017, defendant filed a document titled, "APPEARANCE, PLEA OF NOT GUILTY AND JURY DEMAND," which stated:

> "Now comes the Defendant, DEAN A. RESSER, by his attorney, LARRY S. VANDERSNICK, and enters his appearance in this cause and pleads not guilty. Defendant further demands a speedy trial by jury."

On May 22, 2017, defendant was arraigned, entered a plea of not guilty, and demanded a jury trial. The case was set for a pretrial hearing on June 28, 2017.

¶ 5        From June 28, 2017, to July 10, 2018, defendant sought and obtained several continuances. On November 29, 2017, defendant disclosed two expert witnesses, Annettea Nordstrom and Travis Jones, whom he planned to call to testify at trial. On May 7, 2018, defendant disclosed another expert witness, Dr. Ronald E. Henson.

¶ 6        On July 9, 2018, defendant filed a motion *in limine* seeking to bar (1) "[a]ny and all prior arrests, convictions or bad acts of the Defendant or the Defendant's witnesses"; (2) "[t]he results of any [portable breath test] or the fact that Defendant took or reused a [portable breath test]"; and (3) "[t]he Warning to Motorist or any of it's [*sic*] contents, including the fact that a Warning was given to Defendant." One week later, defendant filed a motion *in limine* seeking to (1) limit the

2

testimony of the arresting officer and (2) allow admission of the National Highway Traffic and Safety Association manual at trial.

¶ 7 On October 2, 2018, Judge Jeffrey O'Connor presided over the hearing on defendant's motions *in limine*. At the beginning of the hearing, the prosecutor stated: "This is the *** formal hearing on *** the motion *in limine*." The court then explained: "[B]efore the actual trial starts, I'll just state on the record that we had a hearing on motion *in limine*, and the answer is this, this, and this, and it's over the objection of the defense or over the objection of the State, and it's preserved." After making oral rulings on the admission and exclusion of evidence requested in defendant's motions, the court stated:

"Anyway, you got the gist of my rulings here. I think we understand each other.

Everything else I'm going to take as a trial objection. If it comes up, I'll deal with

it."

Near the end of the hearing, the trial court orally confirmed that defendant's trial was set for October 22, 2018.

¶ 8 On October 16, 2018, the State filed a motion *in limine* seeking to bar the testimony of defendant's proposed expert, Dr. Ronald E. Henson. A hearing was held on October 18, 2018, at which time the court removed the trial date of October 22, 2018, from the court's calendar. The case was then continued to November 21, 2018.

¶ 9 On November 21, 2018, defense counsel was ill, and the case was continued. On December 28, 2018, the case was set for a status hearing on January 23, 2019. On January 23, 2019, defense counsel appeared and filed his response to the State's motion *in limine*. A hearing on the State's motion *in limine* was scheduled for March 5, 2019. However, the trial court's docket entry from

January 23, 2019, erroneously provided: "ATTY VANDERSNICKS'S MOTION IN LIMINE TO BE HEARD ON 03/05/19."

¶ 10    At the beginning of the March 5, 2019, hearing, the court expressed some confusion about which party's motion *in limine* was at issue. The parties agreed that the only motion before the court was the State's motion *in limine*. The parties and court discussed only the State's motion *in limine* to exclude Henson's testimony from trial. During the hearing, the court asked defense counsel for a copy of an article relied on by Henson to form his opinions. On March 25, 2019, defendant provided the requested article to the court. On May 18, 2020, Judge O'Connor issued a written order partially granting and partially denying the State's motion *in limine*. While the court did not file the order until May 18, 2020, the order is dated May 10, 2020.

¶ 11    On August 4, 2020, defendant filed a motion to dismiss, alleging that his speedy-trial rights were violated because the delay from March 25, 2019, to May 10, 2020, was not attributable to him. The State filed a response, arguing (1) the 411-day delay between March 25, 2019, to May 10, 2020, was attributable to defendant and (2) defendant's speedy-trial demand was insufficient.

¶ 12    On September 23, 2020, Judge Gregory Chickris held a hearing on defendant's motion to dismiss. On January 15, 2021, Judge Chickris entered an order denying the motion, finding that the delay from March 25, 2019, to May 10, 2020, was attributable to defendant. The court's order stated:

> "1. Both the State and Attorney Vandersnick filed motions *in limine* ***.
>
> 2. Defendant's Motion in Limine has never been heard or ruled upon at this point. Even though it was set to be heard on March 5, 2019, it was never heard on that date. This tolled the defendant's speedy trial demand."

4

Defendant filed a motion to reconsider and a supplemental and amended motion to reconsider, which the court denied.

¶ 13        On April 16, 2021, defendant filed a second motion to dismiss, again asserting a violation of his speedy-trial rights based on the dates contained in his original motion, as well as an additional 173 days of delay from September 23, 2020, to March 15, 2021. That motion was heard by Judge James Cosby on June 9, 2021. The trial court denied the motion, finding that (1) Judge Chickris's denial of defendant's prior motion to dismiss acted as *res judicata* and (2) defendant's speedy trial demand was inadequate.

¶ 14        On July 19, 2021, defendant waived his right to a jury trial. The case proceeded to a bench trial on July 26, 2021. The trial court found defendant guilty of two counts of DUI. Defendant filed a motion for judgment notwithstanding the verdict and/or a new trial. The court partially granted and partially denied the motion, finding defendant not guilty with respect to one of the DUI charges but guilty of the other DUI charge. The trial court sentenced defendant to 10 days of electronic home monitoring and 18 months of probation. The court also ordered defendant to participate in a victim impact panel, complete an alcohol evaluation and alcohol treatment, and pay various fines and fees.

¶ 15                                    II. ANALYSIS

¶ 16        Defendant argues his right to a speedy trial was violated by the delay of 411 days following the hearing on the State's motion *in limine* and the trial court's ruling on that motion.

¶ 17        Both the federal and the state constitutions guarantee an accused the right to a speedy trial. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. An additional right is found in section 103-5 of the Code of Criminal Procedure of 1963 (Code), which specifies periods of time within

which an accused must be brought to trial. 725 ILCS 5/103-5 (West 2016). Section 103-5(b) provides in pertinent part:

> "(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant, ***. ***
>
> *** Any demand for trial made under this subsection (b) shall be in writing ***." *Id.* § 103-5(b).

While Illinois's speedy-trial statute implements a defendant's constitutional speedy-trial right, the statutory and constitutional rights are not coextensive. *People v. Sandoval*, 236 Ill. 2d 57, 67 (2010).

¶ 18    Defendant contends only that his statutory right to a speedy trial was violated. To resolve this issue, we must determine if (1) defendant's demand for a speedy trial was sufficient to activate the speedy-trial statute and (2) defendant caused or contributed to the 411-day delay.

¶ 19                            A. Sufficiency of Demand

¶ 20    When a defendant is issued a uniform traffic citation and complaint, rather than a criminal complaint, Illinois Supreme Court Rule 505 (eff. Jan. 1, 1996) applies. *People v. Hamilton*, 169 Ill. App. 3d 105, 108 (1988). Rule 505 provides in pertinent part:

> "If the accused demands a trial by jury, the trial shall be scheduled within a reasonable period. In order to invoke the right to a speedy trial, the accused if not in custody must file an appropriate, separate demand, as provided in section 103-5 of the Code of Criminal Procedure of 1963, as amended (725 ILCS 5/103-5)." Ill. S. Ct. R. 505 (eff. Jan. 1, 1996).

"The express policy of Rule 505 *** is to provide a defendant with an early hearing on the merits of his traffic offense and to avoid multiple court appearances, which eliminates undue hardship on the accused, law enforcement agencies and the courts." *People v. Williams*, 158 Ill. 2d 62, 68-69 (1994) (citing *People v. McCoy*, 155 Ill. App. 3d 725, 728 (1987)).

¶ 21    Here, the State concedes defendant's speedy-trial demand was sufficient under Rule 505 because defendant clearly and unequivocally requested a jury trial. However, we reject the State's concession. Under prior versions of Rule 505, a traffic defendant's demand for a jury trial was sufficient to invoke the defendant's speedy-trial right. See *id.* at 67-69 (analyzing version of Rule 505 that provided: " 'If the accused demands a trial by jury, the trial shall be scheduled within 120 days of arrest.' " (quoting Ill. S. Ct. R. 505 (eff. Aug. 1, 1987)); *Hamilton*, 169 Ill. App. 3d at 108-09 (analyzing version of Rule 505 that provided: " 'If the accused demands a trial by jury, the trial shall be scheduled within the time prescribed by section 103-5 of the Code of Criminal Procedure of 1963, as amended [citation].' " (quoting Ill. S. Ct. R. 505 (eff. July 1, 1984)); *People v. Edgerson*, 160 Ill. App. 3d 382, 384 (1987) (same); *People v. Lorah*, 142 Ill. App. 3d 163, 164 (1986) (same). However, the current version of Rule 505 provides that a traffic defendant not in custody can "invoke the right to a speedy trial" only by filing "an appropriate, separate demand, as provided in section 103-5 of the [Code]." Ill. S. Ct. R. 505 (eff. Jan. 1, 1996). Thus, we must determine if defendant's speedy trial demand was sufficient under section 103-5 of the Code.

¶ 22    "[T]he speedy trial provisions impose a burden on defendant to file a demand sufficient to put the State's Attorney on notice that defendant is invoking his right to a speedy trial under the statute." *People v. Milsap*, 261 Ill. App. 3d 827, 831 (1994); see also *People v. Wigman*, 2012 IL App (2d) 100736, ¶ 34 (demand is sufficient where it does "clearly convey defendant's demand to

7

the prosecution"). "[T]he intent of section 103-5 of the Code is that a defendant's demand be clear and unequivocal." *Milsap*, 261 Ill. App. 3d at 831.

¶ 23     "[S]ection 103-5(b) does not require that a demand for a speedy trial be in any particular form." *People v. Huff*, 195 Ill. 2d 87, 93 (2001). A demand under section 103-5(b) is sufficient to invoke the protections of the speedy-trial statute where (1) the caption of the pleading refers to the defendant's speedy-trial demand, (2) the body of the pleading expressly invokes the defendant's speedy trial rights, (3) nothing in the pleading, or the circumstances in which it was filed, suggests that the document was calculated to camouflage the defendant's demand or otherwise hide it from the prosecution's notice, and (4) the prosecution does not argue that it was unaware of the defendant's demand for a speedy trial. *Id.* at 93-94. A speedy-trial demand need not contain a citation of section 103-5 of the Code to be effective. See *id.* at 94.

¶ 24     "[W]hile no magic words are required to constitute a speedy-trial demand, there must be some affirmative statement requesting a speedy trial in the record and the demand should not be disguised in ambiguous language." *People v. Peco*, 345 Ill. App. 3d 724, 734 (2004). Defendants should not be allowed to hide or bury their intent to invoke the provisions of the speedy-trial statute. See *Milsap*, 261 Ill. App. 3d at 831. Whether defendant's speedy trial demand was sufficient is a question of law we review *de novo*. See *People v. Bonds*, 401 Ill. App. 3d 668, 671 (2010); *People v. Dockery*, 313 Ill. App. 3d 684, 685 (2000).

¶ 25     In this case, defendant's speedy trial demand was sufficient under section 103-5(b) of the Code because it conveyed defendant's desire for a speedy trial in a clear and unambiguous manner. While the document does not contain the term "speedy trial" in its title, nor does it cite section 103-5(b) of the Code, it does not hide or camouflage defendant's speedy-trial demand. The document contains only two sentences, the second of which states: "Defendant further demands a

*speedy trial* by jury." (Emphasis added.) While the State argued in response to defendant's motion to dismiss that defendant's speedy-trial demand was insufficient, the State never claimed it was unaware of defendant's demand for a speedy trial. Under these circumstances, defendant sufficiently demanded a speedy trial.

¶ 26                                    B. Attribution of Delay

¶ 27        Proof of a violation of the statutory right to a speedy trial requires that (1) the defendant has not been tried within the period set by statute and (2) the defendant has not caused or contributed to the delay. *People v. Staten*, 159 Ill. 2d 419, 426 (1994); *Bonds*, 401 Ill. App. 3d at 671. Where a delay is attributable to the defendant, it tolls the speedy-trial statute. *People v. Reimolds*, 92 Ill. 2d 101, 106 (1982). An express agreement to a continuance is an affirmative act attributable to the defendant. *Id.* However, "mere silence on the part of the defendant or failure to object to the State's request for a delay does not amount to an agreement or waiver of the right to a speedy trial by the defendant." *Id.*

¶ 28        A delay occasioned by a defendant's motion, including the time necessary for the State to respond and for the court to hear and decide the issue, is ordinarily chargeable to the defendant. *People v. Harper*, 279 Ill. App. 3d 801, 808 (1996); *People v. Erickson*, 266 Ill. App. 3d 273, 276 (1994). A delay by the court in ruling on a defendant's motion is also attributed to the defendant unless exceptional circumstances exist. *Harper*, 279 Ill. App. 3d at 808*; Erickson*, 266 Ill. App. 3d at 276. Conversely, when the State files a motion that causes a trial to be continued to a later date, that delay is attributable to the State, as is any delay caused by the trial court's ruling on the State's motion. See *People v. Kliner*, 185 Ill. 2d 81, 119 (1998). "Where there are two reasons for a delay, one attributable to the State and the other to the defendant, the fact that the delay was

9

partially attributable to the defendant is sufficient to toll the term." *Wigman*, 2012 IL App (2d) 100736, ¶ 59.

¶ 29 "[T]he defendant bears the burden of showing that his right to a speedy trial has been violated." *People v. Boyce*, 51 Ill. App. 3d 549, 554 (1977). "This burden includes a demonstration that he caused no delay, which fact must be affirmatively established by the record." *Id.* The standard of review for a statutory speedy-trial issue is twofold. *People v. Janusz*, 2020 IL App (2d) 190017, ¶ 56. First, we review a trial court's determination as to who is responsible for a delay in the trial for an abuse of discretion. *Id.* (citing *Kliner*, 185 Ill. 2d at 115). Second, we review *de novo* the ultimate question of whether the defendant's statutory right was violated. *Id.* (citing *People v. Pettis*, 2017 IL App (4th) 151006, ¶ 17).

¶ 30 Here, the trial court abused its discretion in attributing to defendant the 411-day delay from March 25, 2019, to May 10, 2020. By March 25, 2019, the trial court had received defendant's response to the State's motion *in limine* and held a hearing on the motion, and defendant had provided the court with the information it requested at the hearing. After March 25, 2019, no actions were required to be performed by either party. Rather, the parties were merely awaiting the court's ruling on the State's motion *in limine*, which the court did not issue until over a year later.

¶ 31 The record refutes Judge Chickris's ruling that defendant's motions *in limine* were pending during the 411-day period at issue. The trial court orally ruled on defendant's motions on October 2, 2018, and stated it would put its rulings "on the record before we start the trial," which was set for October 22, 2018. The only reason trial did not take place on October 22, 2018, was because the State filed its motion *in limine* six days before the scheduled trial date. Two days later, the trial court removed the October 22, 2018, trial date from its calendar. Thereafter, defendant responded to the State's motion, and the trial court held a hearing on the motion on March 5, 2019. While the

10

trial court docket erroneously stated that defense attorney Vandersnick's motion *in limine* was scheduled for hearing on March 5, 2019, the record makes clear that the hearing was actually set for the State's motion *in limine*. When the trial court expressed confusion at the beginning of the hearing, the parties agreed that only the State's motion *in limine* was at issue. During the hearing, the court and the parties discussed only the State's motion *in limine*. Additionally, in its order dated May 10, 2020, the court ruled only on the State's motion *in limine*. The court's order made no mention of defendant's motions *in limine*, nor did the court issue any other order prior to trial with respect to defendant's motions *in limine.*

¶ 32        In this case, the 411-day delay between March 25, 2019, and May 10, 2020, was caused by the State's filing of its motion *in limine* and the trial court's delay in ruling on that motion. Thus, the trial court abused its discretion in finding the delay attributable to defendant, instead of the State. See *Kliner*, 185 Ill. 2d at 119.

¶ 33        Because the State's delay caused defendant to be tried more than 160 days after he filed his speedy-trial demand, defendant's speedy-trial rights were violated. See 725 ILCS 5/103-5(b) (West 2016). We, therefore, reverse defendant's DUI conviction.

¶ 34                                    III. CONCLUSION

¶ 35        The judgment of the circuit court of Henry County is reversed.

¶ 36        Reversed.

11

*People v. Resser*, 2023 IL App (3d) 210462

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Henry County, No. 17-DT-73; the Hon. Gregory Chickris and the Hon. James Cosby, Judges, presiding. |
| **Attorneys for Appellant:** | Randy K. Johnson, of West Dundee, and Larry Vandersnick, of Paulson, Vandersnick & Bradfield, of Rock Island, for appellant. |
| **Attorneys for Appellee:** | Catherine L. Runty, State's Attorney, of Cambridge (Patrick Delfino, Thomas D. Arado, and Gary E. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |