2024 IL App (3d) 230152

Opinion filed August 19, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0152 Circuit No. 22-CF-278 |
| | ) | |
| JAMES Z. FORBES, | ) ) | Honorable Howard C. Ryan Jr., |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court, with opinion.
Presiding Justice McDade and Justice Holdridge concurred in the judgment and opinion.

_____

**OPINION**

¶ 1     The State appeals the La Salle County circuit court's order granting the motion to dismiss for a speedy-trial violation filed by defendant, James Z. Forbes. The States argues the delays resulting in the postponement of trial were occasioned by defendant. We reverse and remand.

¶ 2                                    I. BACKGROUND

¶ 3     On July 20, 2022, defendant was arrested on charges of unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(c)(2) (West 2022)) and unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2022)). A hearing to set defendant's bond

was held the following day, and the case was continued for arraignment to August 25, 2022. On that date, the case was set for a jury trial on October 17, 2022, with interim status dates, including October 6, 2022.

¶ 4     On September 29, 2022, defendant filed a motion with the La Salle County circuit court clerk to quash the search warrant executed on his property and to suppress the evidence seized pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) (*Franks* motion). On the October 6, 2022, status date, the court struck defendant's trial date and set a hearing on the *Franks* motion for November 18, 2022. On November 17, 2022, the parties agreed to strike the November 18, 2022, hearing date and set the matter over for status to December 22, 2022. Defense counsel did not appear at the December 22, 2022, hearing due to adverse weather conditions, though the defendant, the State, and judge were all present in open court; the court order entered on that date indicates the matter was continued for status by agreement to February 2, 2023.

¶ 5     On December 28, 2022, defendant filed a "Motion to Withdraw Franks Motion" which read in operative part:

> "1. Defendant no longer wishes to proceed on his Franks Motion.
>
> 2. Defendant wishes to proceed to a speedy trial.
>
> WHEREFORE, Defendant, JAMES FORBES, prays for an Order granting him leave to withdraw his Franks Motion."

The withdrawal motion was filed with the La Salle County circuit court clerk, and defendant did not advance the case to otherwise address his *Franks* withdrawal motion, which remained pending until the agreed February 2, 2023, status date. On February 2, 2023, the State informed the court that it had received a trial demand from defense counsel "in between the last court date and today" and moved to set the matter for trial.

¶ 6        The court initially offered to set a jury trial for May 1, 2023, and the parties disagreed whether this date was within the 120-day speedy-trial term. The State contended that the speedy-trial clock would restart on the trial date, while defense counsel claimed that the clock had resumed running when defendant's speedy-trial demand was filed with his motion to withdraw his *Franks* motion on December 28, 2022. In response, the court indicated it would set the trial for February 27, 2023, out of an abundance of caution. At the conclusion of the hearing, defendant stated to the court that he was demanding a jury trial and wished to have his demand included in the record.

¶ 7        On the February 27, 2023, trial date, defense counsel filed several motions, including a motion to dismiss alleging a speedy-trial violation. Defense counsel asserted to the court that by his calculation, defendant had spent 139 days in custody awaiting trial that were attributable to the State, exceeding the statutory 120-day limit. The State responded that the speedy-trial term had tolled on October 6, 2022, at 78 days, when the court set a hearing date for defendant's *Franks* motion. According to the State's calculation, the tolling continued while defendant's motion was pending, and the case was continued by agreement until February 2, 2023, at which point a trial date was set. Defense counsel countered that the speedy-trial clock restarted on December 28, 2022, when he filed the speedy-trial demand and his motion to withdraw the previously set *Franks* motion.

¶ 8        The court denied defendant's motion to dismiss, recollecting that defendant had agreed to the February 27, 2023, trial date when it was set on February 2, 2023. Defense counsel disagreed that a transcript from the February 2, 2023, court date would reflect an agreed date. The court stated it would revisit the motion if defense counsel presented the transcript. The court subsequently conducted *voir dire* proceedings, and the trial commenced the following day. Immediately prior to the start of trial on February 28, 2023, defense counsel asked the court to

3

revisit his motion to dismiss, asserting that neither the transcript from the February 2, 2023, hearing nor the court's order entered on that date indicated that the setting of the trial date was by agreement. Defense counsel argued that the speedy-trial clock restarted on December 28, 2022, when defendant's speedy-trial demand was filed, and claimed defendant maintained the demand at the February 2, 2023, hearing. The State countered that the clock does not restart until a trial date is set. The court reserved ruling on the matter and directed the parties to brief the issue.

¶ 9        After the conclusion of the State's case-in-chief, the court denied defendant's motion for directed verdict. Defense counsel then asked to revisit his motion to dismiss. In support of his previous arguments, counsel provided the court with a transcript of the February 2, 2023, hearing. Initially, the court stated it would not grant the motion because the transcript did not indicate that the State had received notice of the speedy-trial demand. Defense counsel reviewed the transcript again and advised the court that it reflected the State had received the demand. The following colloquy then took place:

"THE COURT: Well, by your statement it was done on February 2nd and you got a copy of that motion for speedy trial; correct?

[THE STATE]: Did I have a copy of that? I think I acknowledged that at that point I had become aware, yes, that he had filed something.

THE COURT: Do you know when you got it?

[THE STATE]: No, I don't know. If I got it I don't know—

THE COURT: But you got it?

[THE STATE]: Yeah.

THE COURT: Did you bring it to the Court's attention once it was there and his clock was kicking back in?

4

[THE STATE]: I don't believe so.

THE COURT: Did you notice anybody back up before the February 2nd? Between December 28th and February 2nd once you knew about it, did you notice anything up that he redemanded his speedy trial demand?

[THE STATE]: No. I don't know that I became aware of it on December 28th or whatever date we're talking about. I don't know when I became aware of it.

THE COURT: Well, my understanding of the law is it doesn't matter whether or not you knew about it. Was it sent to your office, and if your secretaries can't get it to you and put it on your desk that somebody's filed a speedy trial demand it could penalize you.

[THE STATE]: Okay.

\* \* \*

THE COURT: You're outside the 120. Motion to dismiss is granted."

¶ 10    The State filed a motion to reconsider, arguing that defendant's filing of a speedy-trial demand six days after defense counsel agreed to continue the case to February 2, 2023, only served as an objection to future continuances and did not reinstate the speedy-trial clock. In support of its contention, the State relied primarily on *People v. Majors*, 308 Ill. App. 3d 1021, 1029 (1999) (a defendant's open-ended continuance did not toll the speedy-trial clock), asserting during the hearing on the motion that it was factually "spot-on" to the instant case. After hearing arguments from both parties, the court addressed the State as follows:

5

"As I indicated before, what caused the court the most concern with regard to the speedy trial is that the clock situation somewhat then is on the court, but primarily on the State to make sure it's done.

It is the 22nd of December agreed order to the February 2, fine, tolled it, got it.

But the 28th we changed our rules, and it wasn't like it was 2 days or a week or 3 days before the trial. Somebody didn't look. Could have noticed it up, could have asked for an accelerated trial date because of what just happened. It didn't happen.

I don't go through every file to see whether or not somebody has filed it, and he—apparently what I had represented to me he gave notice, so I went based upon the representation that was presented to me.

The problem is *** you're not going to find any cases—I know you're talking about spot-on, but it's not. You and I have a different view of what spot-on is, but that's neither here nor there.

It's a situation where somebody reasserted their right.

Now, *** what causes a concern in the whole situation is that as of the December 28 he changed his mind. Defense is entitled to do it. I mean he's not stuck with it. He can change his mind.

But now the question becomes when[ ] the clock starts. Which I understand your argument, what you presented to me.

In my particular opinion when I went through it, the case that he was citing to me, and you had cited to me, I'm not quite sure when that clock started. I think it might have started then, especially when you had notice.

You could have brought it in to this Court's attention and brought it in saying, anywhere in the month of January, Judge, we need a trial date.

Even on February 2 we were still within the 120. We were still within 120 when he came in on February 2. We could have done it the following first Monday, we could have done it the next Monday. But when I went to the 27th, which was 3 weeks away, we went outside his clock."

The State interjected that, if the speedy-trial clock restarted when defendant filed his demand, it would have been at 116 days on February 2, 2023, and the trial court would have needed to set the matter for trial the following Monday not to exceed the 120-day limit. The State postulated that the situation was problematic because it would allow defendant and other individuals in similar cases—to "just start the clock whenever—when you feel like it." In response, the court continued:

"I would agree with you if he came in on the 2nd and asserted it. I'd have had a whole different opinion in line.

But when it's the 28th and somebody knew about it and didn't do a damn thing, a whole ['] nother story.

You got to get up and move. You got to take aggression. You got to take control of things.

                    ***

There's nothing right on point on this thing, and that's the sad part about it, but there's nothing on it."

7

The court denied the motion to reconsider, and the State appealed.

¶ 11                                    II. ANALYSIS

¶ 12        On appeal, the State challenges the trial court's determination that the speedy-trial clock restarted when defendant filed his motion to withdraw his *Franks* motion that included a speedy-trial demand. Specifically, the State argues that defendant's speedy-trial clock tolled on October 6, 2022, when the court struck the trial date and set defendant's *Franks* motion for hearing. The State further contends that defendant's written speedy-trial demand did not restart the clock because it was not required under section 103-5(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/103-5(a) (West 2022)) and defendant's *Franks* motion remained pending until February 2, 2023. Defendant counters that the trial court correctly found that the speedy-trial clock restarted when he filed his December 28, 2022, written motion to withdraw his *Franks* motion and speedy-trial demand.

¶ 13        "The standard of review for a statutory speedy-trial issue is twofold." *People v. Resser*, 2023 IL App (3d) 210462, ¶ 29. First, a trial court's determination as to whether a period of delay is attributable to the defendant and how much delay to attribute is entitled to great deference, and we will sustain the trial court's decision absent a clear showing that the trial court abused its discretion. *People v. Mayo*, 198 Ill. 2d 530, 535 (2002). An abuse of discretion occurs only where the trial court's ruling is arbitrary, fanciful, or so unreasonable that no reasonable person could take the trial court's view. *People v. Rivera*, 2013 IL 112467, ¶ 37. Second, the ultimate question of whether defendant's statutory right was violated is reviewed *de novo*. *Resser*, 2023 IL App (3d) 210462, ¶ 29.

¶ 14        In Illinois, defendants are afforded the statutory right to a speedy trial under section 103-5 of the Code (725 ILCS 5/103-5 (West 2022)). Section 103-5(a) outlines the right to a speedy trial for in-custody defendants. It provides, in pertinent part, that

> "[e]very person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he or she was taken into custody unless delay is occasioned by the defendant ***. Delay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record." *Id.* § 103-5(a).

For the purposes of section 103-5(a), a "delay" is "[a]ny action by either party or the trial court that moves the trial date outside of that 120-day window." *People v. Cordell*, 223 Ill. 2d 380, 390 (2006). A delay is considered to be occasioned by a defendant when his or her acts cause or contribute to the postponement of trial. *People v. Sanchez*, 392 Ill. App. 3d 1084, 1094 (2009). "Any delay occasioned by the defendant tolls the speedy-trial period until the expiration of the delay, at which point the statute begins to run again." *People v. Murray*, 379 Ill. App. 3d 153, 158 (2008).

¶ 15        Defendant was arrested on July 20, 2022. As defendant remained in custody throughout the proceedings, the State was required under section 103-5(a) to bring him to trial within 120 days, absent delays occasioned by defendant. Initially, we note that the parties agree that the 78-day period between defendant's arrest on July 20, 2023, and October 6, 2023, when the *Franks* hearing was set by the trial court, is attributable to the State for purposes of calculating the speedy-trial term. See *People v. Ladd*, 185 Ill. 2d 602, 608 (1999) (the statutory 120-day period is calculated by excluding the first day and including the last day). Likewise, the parties agree that

the speedy-trial term was tolled between October 6, 2023, when the trial court struck the trial date and set defendant's *Franks* motion for hearing, and December 28, 2023, the date defendant filed his motion to withdraw his *Franks* motion and speedy trial demand with the La Salle County circuit court clerk. See *People v. Cross*, 2022 IL 127907, ¶ 21 (delays occasioned by defendant include the filing of the motion and the time associated with processing the motion). Thus, the parties agree that the speedy-trial term stood at 78 days as of December 28, 2022.

¶ 16        At issue then is whether the speedy-trial term resumed running upon defendant's out-of-court filing of his "Motion to Withdraw Franks Motion" and speedy-trial demand on December 28, 2022, with the La Salle County circuit court clerk or, alternatively, not until February 2, 2023, the court date when the trial court learned of defendant's motion to withdraw his *Franks* motion and reset the matter for trial. The former position, argued by defendant and adopted by the trial court, resulted in the period between December 28, 2022, and February 27, 2023, being attributed to the State and the 120-day speedy-trial term having run prior to the trial date, *i.e.*, day 135. The State counters that the speedy-trial term remained tolled until February 2, 2023, the first court date after defendant filed his out-of-court motion where the trial court learned of defendant's motion to withdraw his *Franks* motion and set the matter for trial, rendering the February 27, 2023, trial date day 103 of the speedy-trial term. We agree with the State.

¶ 17        Courts have considered various types of actions by a defendant that are considered "delay *** occasioned by the defendant" and thus excluded from the calculation of the 120-day speedy-trial term. See *People v. Turner*, 128 Ill. 2d 540, 550 (1989) (holding that, "[i]n determining whether delay is occasioned by the defendant, the criterion is whether his acts in fact caused or contributed to the delay"). Examples of delay attributable to defendant have included the delay resulting from the filing of a motion for a continuance (*People v. Gooding*, 61 Ill. 2d 298 (1975)),

10

the filing of a motion for severance (*People v. Grant*, 68 Ill. 2d 1 (1977)), the filing of a motion for substitution of judge (*People v. Spicuzza*, 57 Ill. 2d 152 (1974)), and the filing of a motion to suppress evidence (*People v. Jones*, 104 Ill. 2d 268 (1984)).

¶ 18     A delay resulting from the defendant's filing of a *Franks* motion is likewise properly attributed to a defendant for speedy trial purposes. *People v. Pettis*, 2017 IL App (4th) 151006, ¶ 40. Significantly, delay includes not only the filing of defendant's motion but also the time associated with processing the motion, including time for the State to respond and for the court to hear and resolve the issues. *Cross*, 2022 IL 127907, ¶ 21 (citing *Jones*, 104 Ill. 2d at 280). In *People v. Donalson*, 64 Ill. 2d 536, 541-42 (1976), our supreme court reiterated that, when a defendant files motions such as a motion to suppress evidence, he is ordinarily chargeable with the delay occasioned by the filing of the motion "*and he moreover has the primary obligation to call the motion for hearing and disposition.*" (Emphasis added.) Thus, the defendant in *Donalson* was charged with the extended delay that resulted after he filed a motion to suppress where he otherwise made no attempt to obtain a date for a hearing on his motion to suppress. *Id.*

¶ 19     Analogously, we conclude here that defendant's mere filing of a motion to withdraw his *Franks* motion outside of court, where the motion to withdraw was not otherwise called for hearing and disposition, did not remove the motion from the court's call and, concomitantly, did not operate to restart the speedy-trial term. As noted earlier, "Delay *** [includes] time for *** the court to hear and resolve the issues." *Cross*, 2022 IL 127907, ¶ 21 (citing *Jones*, 104 Ill. 2d at 280). Until the court became aware of defendant's motion to withdraw the *Franks* motion and was in a position to reset defendant's case for trial, the speedy-trial period remained tolled for defendant pending his *Franks* motion. See *Ladd*, 185 Ill. 2d at 608 ("A defendant is generally charged with

11

delay caused by defense motions, and the defendant is responsible for calling up defense motions for hearing and disposition.").

¶ 20    For this reason, defendant's reliance on *People v. Lilly*, 2016 IL App (3d) 140286, is unavailing. In *Lilly*, this court acknowledged that a defendant could reinstate the speedy-trial term by withdrawing his pending motion and demanding trial. *Id.* ¶ 31. Unlike the procedural posture in *Lilly*, however, here, defendant's motion to withdraw remained pending, and his *Franks* motion was not withdrawn until February 2, 2023, when the court reset the matter for trial after learning of defendant's withdrawal motion and speedy-trial demand. Indeed, the prayer for relief in defendant's motion recognized this procedural posture where he requested, "WHEREFORE, Defendant, JAMES FORBES, *prays for an Order granting him leave to withdraw* his Franks Motion." (Emphasis added.). After filing his withdrawal motion in late December 2022, defendant made no attempt to advance the case to present his motion to the court. Instead, he simply waited for it to be addressed on the previously agreed February 2, 2023, date. *Lilly* does not assist defendant because it merely stands for the proposition that the speedy-trial term recommences once a defendant's motion is withdrawn, which did not happen here until February 2, 2023.

¶ 21    While the speedy-trial clock began running again after February 2, 2023, the February 27, 2023, trial was still within the 120-day limit, as a total of 103 days had run as of February 27, 2023 (78 days as of February 2, 2023, plus 25 days to February 27, 2023). See *Murray*, 379 Ill. App. 3d at 158 (when the speedy-trial clock resumes after a delay, periods of custody subject to the 120-day limit are calculated by excluding the first day and including the last). Therefore, the court erred in granting defendant's motion to dismiss because no speedy-trial violation had occurred.

¶ 22                                    III. CONCLUSION

¶ 23    The judgment of the circuit court of La Salle County is reversed and remanded.

¶ 24          Reversed and remanded.

*People v. Forbes*, 2024 IL App (3d) 230152

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of La Salle County, No. 22-CF-278; the Hon. Howard C. Ryan Jr., Judge, presiding. |
| **Attorneys for Appellant:** | Joseph Navarro, State's Attorney, of Ottawa (Patrick Delfino, Thomas D. Arado, and Jamie L. Bellah, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| **Attorneys for Appellee:** | James E. Chadd, Santiago A. Durango, and Daniella Gonzalez, of State Appellate Defender's Office, of Ottawa, for appellee. |