**2022 IL 127907**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

---

(Docket No. 127907)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
LATRON Y. CROSS, Appellant.

*Opinion filed November 30, 2022.*

CHIEF JUSTICE THEIS delivered the judgment of the court, with opinion.

Justices Anne M. Burke, Michael J. Burke, Overstreet, and Carter concurred in the judgment and opinion.

Justice Neville dissented, with opinion.

Justice Holder White took no part in the decision.

## OPINION

¶ 1   This case presents an issue of whether a delay can be attributable to the defense for purposes of a speedy trial if the defendant's action does not result in the

postponement of a pending trial date. Defendant Latron Y. Cross was convicted of first degree murder and sentenced to 59 years in prison. On appeal, he raised for the first time that he was not tried within 120 days of his arrest in violation of his statutory right to a speedy trial. Specifically, he argued that the trial court abused its discretion when it attributed 34 days of delay to defendant due to his delayed disclosure of his alibi defense, where his action did not alter the pending trial date, and that trial counsel was ineffective for failing to seek dismissal of the charges based upon the speedy-trial violation. The appellate court affirmed defendant's conviction, concluding that the Vermillion County circuit court did not abuse its discretion and that defendant received effective assistance of counsel. 2021 IL App (4th) 190114, ¶ 71. For the following reasons, we affirm the judgment of the appellate court.

¶ 2                                          BACKGROUND

¶ 3        On July 7, 2017, Ollie Williams was fatally shot while riding his bicycle in Danville, Illinois. Two days later, on July 9, 2017, defendant was charged with his murder and remained in custody through the time of trial. Following his arrest, a preliminary hearing was set for July 27, 2017. That interim period of 18 days was attributed to the State for purposes of calculating defendant's 120-day statutory speedy-trial term.

¶ 4        At the preliminary hearing, the trial court found that the State had established probable cause and ordered defendant to respond to the State's motion for pretrial discovery within 30 days. The State's motion requested, *inter alia*, written notice of any defenses defendant intended to assert at trial, the names and addresses of persons defendant intended to call as witnesses, and any relevant written statements.

¶ 5        Over the next year, defendant moved to continue the matter six times. The trial court granted the motions, each time attributing the delay of the speedy-trial term to defendant.

¶ 6        On July 16, 2018, the trial court conducted a pretrial hearing. Defense counsel answered ready for trial and demanded a speedy trial. The court set a trial date of September 24, 2018, and ruled that the 70-day period from July 16 to September

24 would be attributable to the State for purposes of calculating the speedy-trial term. The State acknowledged that, at that time, the speedy-trial term would run on October 27, 2018.

¶ 7     On August 21, 2018, one month before the trial date and a year after the State's motion for discovery, defendant filed a supplemental disclosure in which he raised an alibi defense for the first time. He identified Naomi Cross, defendant's grandmother, as an alibi witness and Steven Blaine, an investigator with the Vermilion County Public Defender's Office, as an additional witness. A report prepared by Blaine was also attached to the filing.

¶ 8     The State responded to defendant's alibi disclosure by filing a response to defendant's demand for a speedy trial. Therein, the State argued that the alibi would have been known to defendant for a year, that he was appointed counsel in July 2017, that the late disclosure would require the State to conduct further investigation, and that the defense had informed the State that additional witnesses and statements would be forthcoming and would need to be investigated. Based upon the change in posture of the case regarding a new defense theory and the totality of the circumstances, the State argued that the time from July 16 to September 24 should be a delay attributable to defendant for purposes of calculating the speedy-trial term.

¶ 9     On August 24, 2018, in response to the State's filing, the trial court conducted a hearing, at which the State reiterated its argument. Defense counsel reminded the court that defendant was ready for trial on July 16 and demanded a speedy trial. Counsel did not believe there was any delay attributable to defendant arising from the newly disclosed alibi. He noted that, because the trial date was still about one month out, the State had adequate time to investigate.

¶ 10     The court asked defense counsel whether he would have been able to proceed to trial without the newly disclosed evidence. Defense counsel responded that he had been ready to proceed with trial but that "[i]t would have been a different trial. I certainly would think this [alibi] information is valuable to me, however, on July 16th, we were ready to proceed, and we weren't going to be proceeding with an alibi."

¶ 11    After considering the arguments of the parties, the trial court determined that it would attribute the 36-day period from July 16 to August 21 to the State but would attribute the 34-day period from August 21—when defendant first disclosed his alibi defense—to September 24 as delay occasioned by defendant. The court indicated that the trial date set for September 24 remained as scheduled.

¶ 12    On September 24, 2018, the trial court inquired regarding the status of the case. Defense counsel acknowledged that the speedy-trial term had been tolled. He answered ready for trial and demanded a speedy trial. The State moved to continue the case. The prosecutor indicated that she had conversations with defense counsel about scheduling the case the week of November 5. She stated that "[i]t appears we agree that the speedy[-trial term] would run November 29th of 2018." She further informed the court that she had contacted her experts, who would be available that week, that defense counsel had tendered additional discovery, and that she had tendered supplemental discovery to defense counsel and had informed him of the circumstances regarding the State's expert.

¶ 13    The trial court set a new trial date of November 6, 2018. The court noted the State's motion to continue over the objection of defendant, who announced his readiness for trial, and indicated that the delay from September 24 to November 6 would be attributed to the State. Defense counsel did not object when the court set the November 6 trial date and did not object when the State indicated that the speedy-trial term would run on November 29, 2018.

¶ 14    Defendant's trial began on November 6, 2018. A jury found him guilty of first degree murder. He subsequently filed two motions for a new trial, which did not raise a speedy-trial violation. Both motions were denied. He was sentenced to 59 years in prison.

¶ 15    On appeal, defendant contended for the first time that his statutory speedy-trial rights were violated. He argued that the trial court abused its discretion when it attributed the 34 days from August 21 to September 24 to defendant for purposes of calculating the speedy-trial term and that his trial counsel was ineffective for failing to file a motion to dismiss based upon the violation. The appellate court held that the trial court did not abuse its discretion and that defendant received effective assistance of counsel. 2021 IL App (4th) 190114, ¶ 71. In so holding, the court determined that a trial date need not be moved for a delay of the speedy-trial term

- 4 -

to be attributed to a defendant. *Id.* ¶¶ 84-89. To the extent that defendant relied on *People v. Boyd*, 363 Ill. App. 3d 1027 (2006), to support his contention that there is no delay unless a trial date is postponed, the court found that the statement of the law in *Boyd* is "incorrect, overbroad, and misreads the authority upon which it purports to rest." 2021 IL App (4th) 190114, ¶ 104. The dissenting justice would have found that the circuit court abused its discretion by attributing the 34 days to defendant because defendant's disclosure of his alibi witness did not result in a postponement of the trial date. *Id.* ¶ 158 (Cavanagh, J., concurring in part and dissenting in part).

¶ 16    We allowed defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Oct. 1, 2021).


¶ 17                                    ANALYSIS

¶ 18    At issue in this case is whether the trial court abused its discretion in attributing 34 days of delay to defendant because of his late disclosure of an alibi defense, even though the trial court did not postpone the scheduled trial date. In defendant's view, if a trial date has been set, a delay of the speedy-trial term can only be a delay occasioned by defendant if the scheduled trial date was postponed because of his actions. Under the procedural posture of this case, defendant acknowledges that he did not properly preserve the speedy-trial issue for review but requests that we review the purported error as either ineffective assistance of counsel for failing to file a timely motion raising the speedy-trial violation or, alternatively, as second-prong plain error.

¶ 19    To determine whether a defendant was denied the effective assistance of counsel, we apply the two-pronged test developed by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by this court in *People v. Albanese*, 104 Ill. 2d 504, 526 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must show both that (1) counsel's performance was deficient and (2) the deficient performance prejudiced defendant such that he was deprived of a fair trial. *Strickland*, 466 U.S. at 687. Where there is no lawful basis for raising a speedy-trial violation, counsel's failure to assert such a violation cannot establish a violation of either prong of an ineffective assistance of counsel claim under *Strickland*. *People v. Staake*, 2017 IL 121755, ¶ 47.

- 5 -

Accordingly, we first consider whether defendant's statutory speedy-trial rights were violated.

¶ 20　　　The speedy-trial statute relevant to in-custody defendants provides, in relevant part, as follows:

> "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he or she was taken into custody unless delay is occasioned by the defendant ***. Delay shall be considered agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record." 725 ILCS 5/103-5(a) (West 2018).

Thus, this section provides "a starting point—the date custody begins, and an ending point—120 days later." *People v. Cordell*, 223 Ill. 2d 380, 390 (2006). The 120-day period in which a defendant must be tried is therefore running during that time. The period is tolled during any time when the defendant causes, contributes to, or otherwise agrees to a delay. *People v. Woodrum*, 223 Ill. 2d 286, 299 (2006). In other words, a pretrial delay caused or contributed to by defendant or otherwise agreed to by him is excluded from the computation of the 120-day period in which a trial must commence.

¶ 21　　　In addressing speedy-trial violations, we have examined various type of actions a defendant might take during the progression of his case that have been considered "delay *** occasioned by the defendant," which would be excluded from the calculation of the 120-day speedy-trial term. See *People v. Turner*, 128 Ill. 2d 540, 550 (1989) (holding that, "[i]n determining whether delay is occasioned by the defendant, the criterion is whether his acts in fact caused or contributed to the delay"); *People v. Reimolds*, 92 Ill. 2d 101, 106 (1982) (same); *People v. Donalson*, 64 Ill. 2d 536, 541 (1976) (same). Examples of delay attributable to defendant have included the delay resulting from the filing of a motion for a continuance (*People v. Gooding*, 61 Ill. 2d 298 (1975)), the filing of a motion for severance (*People v. Grant*, 68 Ill. 2d 1 (1977)), the filing of a motion for substitution of judge (*People v. Spicuzza*, 57 Ill. 2d 152 (1974)), and the filing of a motion to suppress evidence (*People v. Jones*, 104 Ill. 2d 268 (1984); *Donalson*, 64 Ill. 2d 536; see also *People v. Pettis*, 2017 IL App (4th) 151006, ¶ 40 (holding that a delay resulting from the defendant's filing of a motion pursuant to *Franks v. Delaware*, 438 U.S. 154

(1978), was properly attributed to the defendant)). Delay has included not only the filing of the motion but also the time associated with processing the motion, including time for the State to respond and for the court to hear and resolve the issues. *Jones*, 104 Ill. 2d at 280.

¶ 22     In these cases, the delay caused by certain actions taken by the defendant stopped the speedy-trial term from running, irrespective of whether the action by the defendant caused a postponement of a date set for trial. Rather, in each instance, the defendant caused or contributed to delay in the proceedings, the effect of which extended the expiration of the 120-day speedy-trial term within which a trial must commence.

¶ 23     To be sure, action by a defendant that causes or contributes to a scheduled trial date being moved would be an example of delay occasioned by a defendant that would extend the expiration of the 120-day speedy-trial term. Additionally, we have explained that "[a]ny action by either party or the trial court that moves the trial date outside of the 120-day window *qualifies* as a delay for purposes of [section 103-5(a)]." (Emphasis added.) *Cordell*, 223 Ill. 2d at 390. Nevertheless, section 103-5(a) has no such causation *requirement*. See 725 ILCS 5/103-5(a) (West 2018). In *Cordell*, we merely addressed a situation in which the trial court caused a delay by moving a trial date beyond the 120-day term and held that, under the second sentence of section 103-5(a), a defendant was obligated to object to the delay of the speedy-trial term to prevent the speedy-trial term from tolling. *Cordell*, 223 Ill. 2d at 390-91. As we explained in *Cordell*, "[t]here is nothing in [section 103-5(a)] to indicate that the 'delay' must be of a set trial date." *Id.* at 390. Thus, we hold that, under the plain language of the statute, a delay occasioned by a defendant need not cause or contribute to the postponement of a date set for trial. Rather, any delay occasioned by a defendant causes a postponement of the 120-day speedy-trial term.

¶ 24     To determine whether a defendant's acts should result in tolling the 120-day statutory period, the trial court is responsible for considering the particular facts and circumstances of each case. *People v. Ladd*, 185 Ill. 2d 602, 607 (1999). On review of the trial court's decision, its determination as to whether a period of delay is attributable to the defendant and how much delay to attribute is entitled to great deference, and we will sustain the trial court's decision absent a clear showing that the trial court abused its discretion. *People v. Mayo*, 198 Ill. 2d 530,

535 (2002); *Turner*, 128 Ill. 2d at 550-51. An abuse of discretion occurs only where the trial court's ruling is arbitrary, fanciful, or so unreasonable that no reasonable person could take the trial court's view. *People v. Rivera*, 2013 IL 112467, ¶ 37.

¶ 25      In applying these principles to the present case, we find that the trial court did not abuse its discretion in attributing the period from August 21 to September 24 to defendant. On July 16, defendant announced that he was ready for trial and demanded a speedy trial. The speedy-trial term was set to end on October 27, 2018. The State requested a continuance, and a trial date was set for September 24, 2018. Thus, the period from July 16 to September 24 was originally attributed to the State. However, on August 21, defendant introduced for the first time, a month before trial, an alibi defense, changing his theory of the case. At that time, his case was no longer in the same posture to go to trial. The State was compelled to respond to defendant's asserted readiness for trial, and his actions required a hearing to address the late disclosure and its impact on the progression of the case.

¶ 26      As the record reflects, at the time defendant filed his supplemental disclosure announcing an alibi defense, defendant had been represented by counsel for a year and had numerous opportunities to comply with the State's request for the alibi information. Given that defendant was asserting he was with his grandmother at the time of the offense and that defendant would have had this information from the date of the offense, the trial court recognized that his disclosure was late and prejudicial to the State.

¶ 27      Failing to timely disclose an alibi witness impacts the prosecution's ability to put on its case. "Notice to the prosecution of proposed alibi evidence is required because an alibi defense is at once compelling if accepted and easy to concoct, so the prosecution is justified in wanting an opportunity to investigate it in advance of trial." *United States v. Ford*, 683 F.3d 761, 764 (7th Cir. 2012). Therefore, the late disclosure placed the prosecution at a substantial disadvantage in adequately preparing for and investigating the proposed alibi testimony and its impact on the State's case. At a minimum, defendant's late notice of an alibi contributed to a delay where an investigator would have to locate and interview the witness.

¶ 28      The trial judge appropriately recognized the obvious impact that defendant's conduct had on the progress of the case. Her decision to attribute the period between the belated disclosure on August 21, which changed the posture of the case weeks

before trial, and the trial date set for September 24, during which the State would need time to investigate the belated alibi defense, was entirely reasonable. The fact that the ruling did not move the date set for trial is of no consequence here. The effect of the trial court's decision, as recognized by the parties, moved the 120-day speedy-trial deadline from October 27, 2018, to November 29, 2018. Defendant was tried on November 6, 2018. Accordingly, there was no speedy-trial violation, and without a basis to raise a speedy-trial objection, defendant cannot establish either an ineffective assistance of counsel claim (*People v. Phipps*, 238 Ill. 2d 54, 65 (2010)) or a plain error claim (*People v. Gaines*, 2020 IL 125165, ¶ 55 (where there is no error, there can be no plain error)).

¶ 29 In reaching our conclusion, we reject defendant's reliance on various cases he contends illustrate error in this case. At the outset, as we explained, each case must be considered on its own facts and circumstances. Moreover, we find defendant's cases do not compel a different result here.

¶ 30 For example, in *Ladd*, 185 Ill. 2d 602, this court considered the amount of delay attributable to a defendant resulting from his filing of a motion to dismiss the charges against him. The motion was filed on June 26, 1995, and was set for a hearing on July 12, 1995, but the State failed to appear for the hearing. *Id.* at 605, 608. The record did not disclose why the motion was otherwise not resolved until October 16, 1995. *Id.* at 609. Under the unique set of factual circumstances, this court held it was an abuse of discretion to attribute the entire time to defendant where the State never appeared for the hearing and the record was otherwise silent regarding any delay caused or contributed to by the defendant. *Id.*

¶ 31 Lastly, to the extent that defendant relies on the proposition of law in *Boyd*, 363 Ill. App. 3d at 1037, that "unless the trial date is postponed, there is no delay to attribute to defendant," we agree with the appellate court that this statement of the law is incorrect, overbroad, and inconsistent with the plain language of section 103-5(a) and this court's authority. None of the cases *Boyd* relied on from this court, including *People v. Hall*, 194 Ill. 2d 305 (2000), stand for the proposition of law that, where a date is set for trial, a delay is only occasioned by a defendant when that trial date is postponed. Indeed, in *Hall*, the delay attributed to defendant was based on several continuances that were requested on the defendant's own motion and acknowledged by defense counsel. *Id.* at 328. We explained that delay was

attributed to defendant because generally, for purposes of tolling the speedy-trial period, a defendant is charged with delay caused by defense motions. *Id.* We additionally explained that, where a defense attorney requests a continuance on behalf of a defendant, the resulting delay is attributable to the defendant. *Id.* Furthermore, we find the statement in *Boyd* is contrary to our holding in *Cordell* that "[t]here is nothing in [section 103-5(a)] to indicate that the 'delay' must be of a set trial date." *Cordell*, 223 Ill. 2d at 390. Accordingly, the statement of the law in *Boyd* is incorrect, and we overrule it.

¶ 32                              CONCLUSION

¶ 33        In sum, we hold that, under the plain language of the speedy-trial statute, a delay of the 120-day speedy-trial term can be occasioned by a defendant irrespective of whether the delay postpones a date set for trial. We further hold that the trial court did not abuse its discretion in finding a delay of the speedy-trial term occasioned by defendant's late disclosure of an alibi defense, thereby foreclosing his ineffective assistance of counsel and plain error claims. Accordingly, for the foregoing reasons, we affirm the judgment of the appellate court, which affirmed the judgment of the circuit court.

¶ 34        Affirmed.

¶ 35        JUSTICE NEVILLE, dissenting:

¶ 36        On July 16, 2018, Cross answered ready for trial, the State answered not ready, and the circuit court set a trial date of September 24, 2018. The circuit court attributed the entire 70-day delay, from July 16 to September 24, to the State. After Cross notified the State of his alibi defense on August 21, 2018, the circuit court reversed its order and attributed to Cross a delay of 34 days, from August 21, 2018, to September 24, 2018, that the court had previously attributed to the State. The speedy-trial statute only tolls the 120-day limitations period when the delay is occasioned by the defendant. 725 ILCS 5/103-5(a) (West 2018). The circuit court's change in its attribution of 34 days of delay to defendant tolled the 120-day limitations period and permitted the State to extend the date for trial. *Id.*

- 10 -

¶ 37      The majority erroneously frames the issue as follows: "whether a delay can be attributable to the defense for purposes of a speedy trial if the defendant's action does not result in the postponement of a pending trial date." *Supra* ¶ 1. The majority's framing of the issue ignores the central fact that on July 16, 2018, the circuit court had already attributed the delay at issue, from August 21 to September 24, to the State. This court must decide whether the circuit court abused its discretion when it changed its July 16, 2018, attribution of the trial delay at issue from the State to Cross. Because I find the trial court abused its discretion when it changed its attribution of 34 days of trial delay from the State to Cross, I respectfully dissent.

¶ 38                                 BACKGROUND

¶ 39      On August 21, 2018, after the trial court determined that the State occasioned the 70-day delay of the trial from July 16 to September 24, Cross notified the State that he would assert an alibi defense. The State asked the court to penalize Cross by changing the attribution of the entire delay up to September 24 to the defense. The court, over Cross's objection, attributed 34 days of the delay, from August 21 to September 24, 2018, to Cross, even though the State had already caused the delay for the period from July 16 to September 24, 2018.

¶ 40      When September 24, 2018, arrived, Cross answered ready for trial, and the State sought another continuance because of scheduling problems for its experts and supplemental discovery by both parties. The State did not mention Cross's alibi defense as a cause for its need for a continuance. The court allowed the further delay and attributed it to the State. The court started the jury trial in November 2018. Defense counsel did not move to dismiss the case for violation of Cross's right to a speedy trial. If the court had not changed its initial attribution of the delay for the 34-day period at issue from the State to the defense, the trial would count as beginning well outside the 120-day statutory period for a speedy trial. See 725 ILCS 5/103-5(a) (West 2018).

¶ 41      The jury found Cross guilty of murder. The court sentenced Cross to 59 years in prison. The appellate court affirmed the conviction. 2021 IL App (4th) 190114, ¶ 148.

¶ 42                                    ANALYSIS

¶ 43        The appellate court found that Cross's introduction of the alibi defense "delay[ed] *** the speedy-trial term," even though it did not delay the trial. *Id.* ¶ 82. The appellate court admitted that its conclusion conflicted with the result reached in *People v. Boyd*, 363 Ill. App. 3d 1027 (2006). The *Boyd* court held, "unless the trial date is postponed, there is no delay to attribute to defendant." *Id.* at 1037. The appellate court here held the circuit court could attribute a delay occasioned by the State to defendant even when the circuit court had already set a trial date and the defendant's acts did not alter the trial date. 2021 IL App (4th) 190114, ¶ 89.

¶ 44        The State's actions on July 16 already caused the delay from August 21 to September 24. Cross's later actions, giving the State notice of his alibi defense, did nothing to alter or increase the delay the State had already caused. I agree with Justice Cavanagh's dissent in this case. He correctly points out the majority's distinction between a delay in the speedy-trial term and a delay of the trial makes no sense. *Id.* ¶¶ 154-56 (Cavanagh, J., concurring in part and dissenting in part). As this court said in *People v. Cordell*, 223 Ill. 2d 380, 390 (2006), a delay is "[a]ny action by either party or the trial court that moves the trial date outside of [the] 120-day window." Because he gave his notice of alibi within the 70-day period of delay the circuit court had already attributed to the State, and because his notice of alibi did not move the trial date outside the 120-day window, the circuit court abused its discretion when it changed from the State to Cross its attribution of 34 of the 70 days of delay caused by the State. Like Justice Cavanagh, I would find defense counsel provided ineffective assistance by failing to make a motion to dismiss the case before the trial began in order to preserve Cross's speedy-trial issue for appellate review. See 2021 IL App (4th) 190114, ¶ 162; see *People v. Alcazar*, 173 Ill. App. 3d 344, 354 (1988) (speedy-trial issue forfeited by failure to make a pretrial motion for discharge).

¶ 45        I note that none of the cases the majority cites involves a change in the attribution of a delay from one party to the other. See *People v. Turner*, 128 Ill. 2d 540, 550 (1989) (no change by circuit court in its initial assessment of causes for delays); *People v. Reimolds*, 92 Ill. 2d 101, 106 (1982) (same); *People v. Jones*, 104 Ill. 2d 268 (1984) (same). Because these cases do not involve a change in the attribution of a delay from the State to the defendant, they do not support the

majority's decision.

¶ 46                                    CONCLUSION

¶ 47      The speedy-trial statute provides that every person in custody in this state for an alleged offense shall be tried within 120 days from the date the accused was taken into custody unless delay is occasioned by the accused. See 725 ILCS 5/103-5(a) (West 2018). Section 103-5 implements the constitutional right to a speedy trial. *People v. Gooden*, 189 Ill. 2d 209, 217 (2000) (citing *Reimolds*, 92 Ill. 2d 101). Therefore, because the 120-day speedy-trial statute is only tolled when the delay is occasioned by the defendant, the circuit court abused its discretion when it attributed to Cross a delay that the court had previously attributed to the State. Accordingly, I dissent.

¶ 48      JUSTICE HOLDER WHITE took no part in the consideration or decision of this case.