2024 IL App (4th) 241051

NO. 4-24-1051

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 18, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Tazewell County |
| JAVIER ROA, | ) | No. 24CF297 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Christopher R. Doscotch, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court, with opinion.
Presiding Justice Cavanagh and Justice Zenoff concurred in the judgment and
opinion.

**OPINION**

¶ 1        Defendant, Javier Roa, appeals the trial court's order denying him pretrial release

pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110

(West 2022)), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known

as the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending

various provisions of the Act). According to defendant, he was entitled to immediate release from

pretrial custody pursuant to section 110-6.1(i) of the Code (725 ILCS 5/110-6.1(i) (West 2022))

because he was not tried within 90 days of the court denying him pretrial release. We affirm the

court's order denying defendant pretrial release.

¶ 2                                    I. BACKGROUND

¶ 3        Because defendant is only arguing he is entitled to immediate release from pretrial custody because he did not go to trial within 90 days of the trial court's decision to deny him pretrial release, we need not provide an extensive summary of the court's initial reasoning for denying defendant pretrial release. On May 2, 2024, the State charged defendant by information with two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2022)). That same day, the State filed a petition to deny defendant pretrial release, the court held a detention hearing, the court appointed a public defender to represent defendant, and the court denied defendant pretrial release.

¶ 4        A bill of indictment was later filed on May 16, 2024, charging defendant with two counts of predatory criminal sexual assault of a child (*id.*). At a hearing on May 23, 2024, defense counsel asked "that the case be set over to June 6th for pretrial, July 15th for jury trial."

¶ 5        On June 6, 2024, the trial court held a brief hearing. According to the transcript, Assistant State's Attorney Mara Mishler, Assistant Public Defenders Hugh F. Toner III and John Spears, and defendant were all present. The following exchange occurred at the hearing:

> "MS. MISHLER: June 27th for review.
>
> THE COURT: It says the 17th.
>
> MS. MISHLER: June 17th for review. There's already a scheduled jury trial for July 15th. Mr. Toner believes he has a conflict so he's going to ask Mr. Taylor to reassign this case to another public defender, so that why we're setting it for the 17th.
>
> THE COURT: Which sometimes you don't know until you get discovery if there is a conflict.

> John, make sure it gets reassigned ASAP and someone gets ahold of [defendant].
>
> MR. SPEARS: Yes, sir."

That same day, the court entered a written order for a continuance by agreement of the parties. The case was continued until June 17, 2024. The written order indicated the matter was going to be reassigned to a different public defender.

¶ 6 On June 14, 2024, the Office of the Tazewell County Public Defender filed a notice indicating Assistant Public Defender John Spears had been appointed to represent defendant.

¶ 7 At a hearing on June 17, 2024, attended by defendant, Assistant State's Attorney Michael Holly, and Assistant Public Defender Spears, Spears told the trial court:

> "Judge, we'd just be asking to set the case over to July 1st. I spoke with Mr. Holly in the back room standing in for Mr. [*sic*] Mishler.
>
> [Defendant] had had Mr. Toner, but there was a conflict of interest. I'm fairly certain that I will be the new assigned public defender through the Public Defender's Office so we're just asking for a review—short review period to collect the file and gather some information in the case."

Whether Assistant Public Defender Spears knew it, he had already been appointed to represent defendant. The court then indicated the case would be continued for review until July 1, 2024, and told defendant it would get his attorney a copy of the order. Defendant replied, "Thank you, [Y]our Honor." That same day, the trial court entered another written order continuing the case until July 1, 2024, by agreement of the parties.

¶ 8 At a hearing on July 1, 2024, the following exchange occurred between the trial court, the State, and Assistant Public Defender Spears:

"THE COURT: 24 CF 297. [Defendant] is here, Ms. Mishler and Mr. Spears, and July 18th pretrial, August 5th trial.

MR. SPEARS: That's right, [Y]our Honor.

MS. MISHLER: Correct, Judge. We [are] asking to vacate the jury trial of July 15th, asking to move this case on the motion of the People. Speedy trial remains. He'll be within his 90 days on that trial date.

THE COURT: Okay. Anything else, John?

MR. SPEARS: No, [Y]our Honor.

THE COURT: Thank you."

The court filed a written order continuing the case on the State's motion. The order indicated defendant "asserts speedy trial." The case was continued to July 18, 2024, for a pretrial conference, with a trial date of August 5, 2024.

¶ 9    On July 18, 2024, the trial court held another hearing in this case and entered a written order indicating the parties had agreed to continue the pretrial hearing until July 29, 2024, with the trial still set for August 5, 2024.

¶ 10    On July 19, 2024, Assistant Public Defender Spears filed a motion for defendant's pretrial release pursuant to section 110-6.1(i) of the Code (725 ILCS 5/110-6.1(i) (West 2022)). The motion noted the trial court granted the State's petition to deny defendant pretrial release on May 2, 2024. Then, on May 23, 2024, defendant was arraigned on a bill of indictment, a pretrial conference was scheduled on June 6, 2024, and defendant's trial was scheduled for July 15, 2024. Later, on June 6, 2024, the case was continued to June 17, 2024, and the court's written order reflected the later date was for "[r]eview [t]o be reassigned for P.D." Defense counsel noted in the motion for release that he had been assigned to represent defendant on June 14, 2024. Then, on

- 4 -

June 17, 2024, the case was continued to July 1, 2024, for review. On July 1, 2024, the July 15 trial date was vacated after the State moved to continue the case. At that time, defendant asserted his right to a speedy trial. The trial was then scheduled for August 5, 2024. According to defendant's motion, defendant was entitled to be released from pretrial custody on July 31, 2024, because he would have been detained for 90 days pursuant to the court's May 2, 2024, order denying defendant pretrial release.

¶ 11 On July 29, 2024, the trial court held a hearing on defendant's motion for release. Defense counsel indicated he was standing on the motion for release. The State then directed the court's attention to continuance orders that were entered on June 6 and June 17 by agreement, with no assertion of maintaining the 90-day calculations. According to the State:

> "The People's position is that this essentially operates as a speedy trial, that the same language is used in the [Act] as used in the old 120-day rule for speedy trial and that there is no authority from the [Act] that would suggest any differently. When the defense agrees to a continuance, they are agreeing that the continuance should be entered and move the case forward. I'm not sure how they can argue that they didn't occasion the continuance when they are agreeing to it. Sure, it's occasioned by the People as well, but it's occasioned by both parties. It's no different than the speedy trial calculation, and we would ask for the motion for release to be denied."

The State argued the days between June 6 and July 1, 2024, should not count toward the 90-day period during which the State could detain defendant before his trial. Because of the continuances defendant agreed to in this case, the State contended he was not entitled to pretrial release before his scheduled trial on August 5, 2024. According to the State, as of August 5, 2024, only 71 of the

days defendant had been in pretrial custody counted toward the 90-day deadline to either try defendant or release him from pretrial custody.

¶ 12        In response, Assistant Public Defender Spears conceded defendant had agreed to the continuances on June 6 and June 17, 2024. However, defense counsel argued defendant never agreed to a continuance of his trial. Therefore, according to defendant, the trial court was required to release him from pretrial custody on July 31, 2024.

¶ 13        The trial court ruled the 11-day delay when defendant was getting a new public defender could not count toward the 90-day period when defendant had to be tried or then released from pretrial custody. According to the court, it did not have to determine what impact the other agreed continuances would have on the 90-day period. The court's written order entered on July 29, 2024, denied defendant's motion for his release.

¶ 14        From our review of the record, it appears the trial court, during the hearing on July 29, 2024, was basing its decision on the 11-day continuance from June 6, 2024, to June 17, 2024. The written order for this continuance indicates the continuance was by agreement of the parties and indicated the case was going to be assigned to a new public defender.

¶ 15        On July 31, 2024, defendant filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024), asking the trial court to reconsider its finding that defendant had caused delay in this case and release defendant with conditions. In the motion, defendant argued "he attributed no period of delay in this case." With regard to the court's ruling on July 29, 2024, defendant made the following assertions:

> "a. Between May 2, 2024 (the date that the Defendant was ordered to be detained) and July 31, 2024 (90 days after), there have been two trial dates scheduled: July 15, 2024[,] and August 5, 2024;

b. Despite turnover of appointed counsel for the Defendant, neither assigned assistant public defender has moved to continue either trial setting;

c. On July 1, 2024, upon the motion of the People to continue that trial setting and with the Defendant demanding speedy trial on the record, a second trial date of August 5, 2024[,] was scheduled;

d. Therefore, the delay between the trial date of July 15, 2024, and August 5, 2024, was attributed solely to the People; and

e. No delay occurred in this case by either party until July 1, 2024."

¶ 16    On August 1, 2024, the trial court held a hearing on defendant's motion for relief. Defendant did not expand on the argument in his motion, and the State relied on the arguments it made at the hearing on July 29, 2024. The court then stated:

"Okay. And like I said, I didn't get to the second part of your argument, Mr. Spears, where I could see some merit where the dates doesn't [*sic*] change, the People are just continuing, and you'd just be agreeing to the new date, and it doesn't mean you're continuing your trial date.

Here's the issue—while I make clear for the record so that you can do that, the only issue there would be is when I can look at that motion, that's definitely not an issue brought by the State. I think that's clear.

So when you have that issue there for determining that 90 days that can affect any new trial dates which the July 22nd or the 29th in determining any calculations for that 90 days, and hence, that's why I'm attributing it that way because we can't go backwards now and say—because I didn't specifically say it at the time.

It's being brought up now, but if I had said at the time, you know, that would change then the calculation of whether we went to trial on July 29th which would be within the 90 days or the 22nd where we find a judge or maybe we would of [*sic*] or we would not, okay, so that's how I look at that so I find it attributable to the Defense.

And unlike the other situation where just continuing from one date to the other, that could affect the dates that we would argue for scheduling that aren't by agreement so that's the reasoning for it so the motion will be denied."

¶ 17 On August 2, 2024, defendant filed a notice of appeal pursuant to Rule 604(h)(1)(iii). Defendant specified his appeal was based on the 90-day detention provision found in section 110-6.1(i) of the Code (725 ILCS 5/110-6.1(i) (West 2022)). That same day, the trial court entered an order appointing the Office of the State Appellate Defender (OSAD) to represent defendant on appeal.

¶ 18 On August 5, 2024, defendant filed a motion to continue his August 5, 2024, jury trial because defense counsel had been notified by the State of additional evidence on August 1, 2024, and August 2, 2024. Defense counsel indicated in the motion he was not prepared to proceed to trial because of the new evidence and requested additional time to prepare for the trial.

¶ 19 That same day, defendant filed a notice of appeal under Rule 604(h), stating:

"The Court erred by attributing delay to the Defendant in its calculation of a 90-day period of detention. Pursuant to 725 ILCS 5/110-6.1(i), 'the Defendant shall be brought to trial on the offense for which he is detained within 90 days after the date which the order for detention was entered. If the defendant is not brought to trial within the 90-day period required by the preceding sentence, he shall not be

denied pretrial release. In computing the 90-day period, the court shall omit any period of delay resulting from a continuance granted at the request of the defendant and any period of delay resulting from a continuance granted at the request of the State with good cause shown pursuant to Section 103-5.'

In this case, the Defendant was ordered to be detained on May 2, 2024. Following indictment, on May 23, 2024, a trial date was scheduled for July 15, 2024. On July 1, 2024, the People moved to continue the July 15, 2024[,] trial and the Defendant asserted speedy trial. Thereafter, a second trial date was scheduled for August 5, 2024. Between May 23, 2024, and July 1, 2024, the matter had been continued on two occasions, however, the trial date of July 15, 2024[,] remained in place. An issue had arisen with the Defendant's appointed counsel having a conflict of interest. At no time did the Defendant move to continue the trial and no delay was caused by the issue with appointed counsel."

Defendant argued he should be released with conditions subject to a hearing.

¶ 20                                  II. ANALYSIS

¶ 21        In this court, OSAD filed a notice in lieu of a memorandum. As a result, defendant has only provided this court with the arguments he made in the trial court.

¶ 22        A large part of the State's appellee's memorandum is spent addressing the trial court's initial decision to detain defendant. However, defendant did not challenge the court's initial detention decision in his motion for relief. Pursuant to Rule 604(h)(2):

"Motion for Relief. As a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief. The trial court shall promptly hear

and decide the motion for relief. Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived."

In his motion for relief, defendant essentially argued all of the days he was in pretrial custody after the court granted the State's petition to deny him pretrial release on May 2, 2024, should have counted toward the 90-day period for him to either be tried or released from pretrial custody pursuant to section 110-6.1(i) of the Code (725 ILCS 5/110-6.1(i) (West 2022)) because he never asked for his trial date to be continued and asserted his speedy trial right when his trial date was moved to August 5, 2024.

¶ 23 Defendant has provided this court with no argument regarding what standard of review this court should apply. "Since this court began deciding appeals under the Act, the Fourth District has consistently reviewed the trial court's findings regarding pretrial release for an abuse of discretion." *People v. Morgan*, 2024 IL App (4th) 240103, ¶ 13. However, when considering issues of statutory construction, this court has used a *de novo* standard of review. *Id.* Regardless of whether we apply a *de novo* or abuse of discretion standard, the outcome in this case would remain the same.

¶ 24 Defendant's argument is not supported by the plain language of section 110-6.1(i) of the Code, which states:

"If the court enters an order for the detention of the defendant pursuant to subsection (e) of this Section, the defendant shall be brought to trial on the offense for which he is detained within 90 days after the date on which the order for detention was entered. If the defendant is not brought to trial within the 90-day period required by the preceding sentence, he shall not be denied pretrial release.

*In computing the 90-day period, the court shall omit any period of delay resulting from a continuance granted at the request of the defendant* and any period of delay resulting from a continuance granted at the request of the State with good cause shown pursuant to Section 103-5." (Emphasis added.) 725 ILCS 5/110-6.1(i) (West 2022).

The statute does not say a court shall not count any period of delay resulting from a continuance *of defendant's trial* when computing the 90-day period. Instead, the language is much broader: "*the court shall omit any period of delay resulting from a continuance granted at the request of the defendant*." (Emphasis added.) *Id.*

¶ 25 Although not directly on point, our supreme court has interpreted the speedy trial statute in a similar manner. According to the court, "under the plain language of the [speedy trial] statute, a delay occasioned by a defendant need not cause or contribute to the postponement of a date set for trial. Rather, any delay occasioned by a defendant causes a postponement of the 120-day speedy-trial term." *People v. Cross*, 2022 IL 127907, ¶ 23.

¶ 26 Based on the plain language of section 110-6.1(i) of the Code (725 ILCS 5/110-6.1(i) (West 2022)) and our supreme court's reasoning in *Cross*, we see no reason why a continuance requested by a defendant subject to pretrial detention would not toll the 90-day period to bring the defendant to trial, regardless of whether the continuance caused or contributed to a postponement of the date set for the defendant's trial when the continuance was granted.

¶ 27 Turning back to the facts before this court, the record clearly shows the proceedings were continued multiple times by agreement of the parties. We need not address all of those continuances. Instead, we affirm the trial court's decision not to release defendant from custody

based on defendant's attorney's request on June 17, 2024, to continue the proceedings until July 1, 2024. Specifically, Assistant Public Defender Spears made the following request:

"Judge, we'd just be asking to set the case over to July 1st. ***

[Defendant] had had [a different public defender], but there was a conflict of interest. I'm fairly certain that I will be the new assigned public defender through the Public Defender's Office so we're just asking for a review—short review period to collect the file and gather some information in the case."

The court clearly stated on the record it was continuing the case until July 1, 2024. Defendant replied, "Thank you, [Y]our Honor." That same day, the court entered a written order continuing the case until July 1, 2024, by agreement of the parties. Defendant offers no real explanation how this continuance did not delay the proceedings. Once again, the plain language of the statute does not say the continuance must have delayed the trial.

¶ 28 Because the days between June 17, 2024, and July 1, 2024, would not be included in computing the 90-day period during which defendant would either need to be tried or released from pretrial custody, the trial court did not err in denying defendant's motion for release. We recognize we are not following the trial court's reasoning for denying defendant's motion for release. However, this court can affirm a trial court's ruling based on any reason supported by the record, regardless of the trial court's reasoning. *Baumgartner v. Greene County State's Attorney's Office*, 2016 IL App (4th) 150035, ¶ 41.

¶ 29 Because we can affirm the trial court's ruling based on defense counsel's request on June 17 to continue this case, we need not consider the effect of the other continuances on the 90-day period to try or release defendant from pretrial custody.

¶ 30   Pursuant to Rule 604(h)(8), the deadline for this court to file its decision in this case was November 13, 2024. However, Rule 604(h)(8) provides this court with the ability to extend the deadline for good cause. *Id.* We have done so in this case.

¶ 31   III. CONCLUSION

¶ 32   For the reasons stated, we affirm the trial court's denial of defendant's motion for release from pretrial custody.

¶ 33   Affirmed.

*People v. Roa*, 2024 IL App (4th) 241051

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Tazewell County, No. 24-CF-297; the Hon. Christopher R. Doscotch, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Manuela Hernandez, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino, David J. Robinson, and Luke McNeill, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |