NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240448-U

NO. 4-24-0448

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 11, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| JUAN MARTIN MERCADO, | ) | No. 22CF111 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Paul P. Gilfillan, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HARRIS delivered the judgment of the court.
Justices Steigmann and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant failed to establish his statutory right to a speedy trial was violated.

¶ 2    A jury found defendant, Juan Martin Mercado, guilty of criminal sexual assault (720 ILCS 5/11-1.20(A)(4) (West 2022)), and he was sentenced to 10 years' imprisonment. Defendant appeals, arguing the trial court erred in denying his motion for discharge where he established that the State failed to bring him to trial within the 120-day speedy-trial term mandated by section 103-5 of the Code of Criminal Procedure of 1963 (speedy-trial statute) (725 ILCS 5/103-5 (West 2022)). We affirm.

¶ 3                                I. BACKGROUND

¶ 4    On February 14, 2022, the State charged defendant with one count of criminal sexual assault (720 ILCS 5/11-1.20(A)(4) (West 2022)), alleging he committed an act of sexual

penetration with the minor victim while holding a position of trust in relation to the victim. The record shows that defendant was arrested on February 12, 2022, and remained in continuous custody throughout the proceedings below.

¶ 5 Defendant was arraigned on February 24, 2022. At the arraignment, the trial court appointed the public defender's office to represent defendant. Defendant entered a plea of not guilty and requested that the matter be set for a jury trial. The court entered an order setting a scheduling conference for May 5, 2022, and a jury trial for May 16, 2022.

¶ 6 At the May 5, 2022, scheduling conference, defense counsel requested a continuance, which the trial court granted, and the court entered an order setting a scheduling conference for August 11, 2022, and a jury trial for August 22, 2022.

¶ 7 At the August 11, 2022, scheduling conference, defense counsel requested another continuance, which the trial court granted, and the court entered an order setting a scheduling conference for November 17, 2022, and a jury trial for November 28, 2022.

¶ 8 At the November 17, 2022, scheduling conference, defendant's privately retained counsel, Jason Netzley, appeared before the trial court for the first time in the case. Upon agreement of the parties, the court continued the matter for a scheduling conference on March 16, 2023, and a jury trial on March 27, 2023.

¶ 9 On March 16, 2023, defense counsel requested that the "matter be set over for May 3rd *** for a plea date. We're also asking for June 29th scheduling date and July 10th trial date." The trial court granted defense counsel's request and entered a corresponding order.

¶ 10 On April 18, 2023, defendant *pro se* filed a "Written Demand for Trial According to 725 ILCS 5/103-5(a)." Defendant asserted in the *pro se* demand that he, "through counsel JASON NETZLEY, reserves his right to start the [speedy trial] clock to run" and "wants to

object to any continuances and wants to exercise his 120-day *** speedy trial right *** as of today April 17, 2023. Giving the mail 3 days to make it to Peoria Courthouse. That will set the date for the time to start running April 20, 2023." Defendant indicated that "the discharge date will be August 19, 2023."

¶ 11　　　　At the outset of the May 3, 2023, hearing, the trial court noted that defendant "is in custody, but he's on another floor and he's here with his attorney Mr. Netzley." The court then stated that defense counsel and the State "have indicated we need to make a scheduling accommodation so that [defendant] can have an interpreter and reach a disposition that we hope *** will occur on June 8th as opposed to the 29th." The court entered an order continuing the matter to June 8, 2023, and indicating, "Defense counsel needs additional time to go over the plea terms and paperwork with the defendant with the assistance of an interpreter."

¶ 12　　　　On May 15, 2023, defendant *pro se* filed a "Demand for Trial by Defendant Incarcerated," asserting the following, in pertinent part:

　　　　　"2. [Defendant] *** wrote a demand for trial on the docket April 20, 2023. Stating that he objects to any continuances. Therefore, the Defendant do[es] not consent to the attorney continuance over his objection. As this was done without his knowledge as the Defendant was never brought into the courtroom.

　　　　　3. Therefore, the defendant speedy trial shall remain the same without tolling the speedy trial right. As the Defendant discharge date shall remain to be August 19, 2023.

　　　　　***

　　　　　5. The Defendant demands immediate trial in this cause. As the Defendant do[es] not wish to plea[d] guilty."

- 3 -

¶ 13　　　　　On May 25, 2023, a motion and order for substitution of attorneys was entered. Netzley was allowed to withdraw, and Myron Goldstin entered his appearance for defendant.

¶ 14　　　　　On June 5, 2023, the trial court met with defense counsel and the State but noted that defendant was not present in court. Upon agreement of defense counsel and the State, the court entered an order continuing the matter to June 28, 2023, for a review hearing.

¶ 15　　　　　At the outset of the June 28, 2023, hearing, the trial court stated that "this case was set over until today on the representation that there would be a plea agreement." The court then had the following exchange with defense counsel and the State:

> "THE COURT: *** However, now at the eleventh hour the defendant indicates he doesn't want to have a plea agreement, as I understand it, on today. And so it would continue with its trial date on July the [10th]. However, in the interim life happens and cases come and go. And if the defendant does not want to reach a disposition today, in other words, finish this up in Peoria County today, then his case will have to be set over to another day that is convenient or compatible for the Court and the other participants and players in the case.
>
> So, Mr. Goldstin, what is it you would like to do today?
>
> MR. GOLDSTIN: Judge, after conversation with [defendant], he stated to me emphatically he wants a jury trial. I advised him I didn't think that was the proper way to go in this matter, but he insists that's what he wants to do.
>
> * * *
>
> [THE COURT:] So on motion of the defense, or at least by virtue of the facts presented here today, Ms. Shelby [(assistant state's attorney)] what would you like to do with regard to the court date of July 10th?

MS. SHELBY: Your Honor, I have another trial set that day based upon the representations of Mr. Netzley first, then Mr. Goldstin, that this would be a plea. So I'm unavailable. Mr. Goldstin is aware of that and was expecting this to be a plea as well. And, therefore, by agreement we have suggested to the Court the trial date of October 30th, with a scheduling conference on October 19th.

Those dates are by agreement of the parties and work with both of our schedules."

Following the hearing, the court entered an order continuing the matter "by agreement" of the parties to October 19, 2023, for a scheduling conference and October 30, 2023, for a jury trial.

¶ 16          On August 3, 2023, defendant *pro se* filed a "Motion to Reinstate Defendant's Trial Date as the Demand for Trial Repudiated Counsel Continuance According to 725 ILCS 5/103-5(a)." Defendant asserted that he was filing the motion "to repudiate now fired counsel, Myron Goldstin acceptance of a continuance" on June 28, 2023. He alleged that Goldstin agreed to the continuance "without [his] consent after the attorney knew of [his] written demand for trial" filed on April 18, 2023, and he fired Goldstin as a result. Thus, defendant argued, the delay caused by the continuance on June 28, 2023, should not be attributed to him.

¶ 17          On October 19, 2023, defendant *pro se* filed a "Petition For Discharge of Incarcerated Defendant Based on Statutory Speedy Trial Violation." Defendant alleged that 99 days of the speedy-trial term had elapsed when Netzley requested a continuance without defendant present in court on May 3, 2023. According to defendant, because he "discharged Jason Netzley for not respecting his demand for trial when it was clear on the record," "it repudiated the *** continuance and [his] demand for trial should control with a discharge date of May 24, 2023."

¶ 18          At the October 19, 2023, scheduling conference, defense counsel Goldstin

informed the trial court that defendant wished to discharge him and proceed *pro se*. The court asked defendant if he would be ready for trial on October 30, 2023, and defendant said he would be ready even though he had yet to review discovery. The court then admonished defendant about his decision to represent himself before allowing Goldstin to withdraw. After being admonished, defendant asked the court when it could hear his motion for discharge, and the court responded, "In layman's terms, this is crazy. You're going to represent yourself 11 days before trial. You don't have discovery yet. All right. What about a hearing date next week?" The parties agreed to an October 25, 2023, hearing on defendant's motion, and the court instructed the State to turn over discovery to defendant on the October 30, 2023, trial date. The court indicated that it was "not looking good for your trial," but it was nonetheless "keeping it on."

¶ 19         On October 25, 2023, the trial court heard arguments on defendant's motion for discharge. Defendant, through an interpreter, stated the following in support of his motion: "So my interpreter was a witness today that I told both my attorney [*sic*] when we were back in there that I didn't want anymore [*sic*] continuances and he came out and actually requested for one. That's why I'm saying they're violating my rights." The State argued that defense counsel "can move for a continuance for whatever basis they have. Even if the defendant doesn't want him to, he can do that as long as he's counsel." The court agreed with the State, noting that, despite defendant's objections, he was "represented by an attorney who's entitled to make legal strategy decisions including whether he is ready for trial or not and you've had three different attorneys." The court found that only the 83 days from defendant's arrest on February 12, 2022, to the initial defense continuance on May 5, 2022, were attributable to the State. After the court made its finding, the State indicated that it would not be ready for trial on October 30, 2023, and requested a 30-day continuance. The court granted the continuance over defendant's objection

and entered an order setting a scheduling conference for November 8, 2023, and a jury trial for November 27, 2023.

¶ 20	On November 8, 2023, attorney Bart Beals filed an entry of appearance on behalf of defendant and appeared before the trial court for the first time in the case. On November 20, 2023, defendant, through counsel, filed a motion to dismiss the indictment. Defendant alleged that he was not brought into the courtroom on May 3, 2023, when his attorney requested a continuance against his wishes, and on June 28, 2023, "the trial judge dismissed [him] from court before he was able to reiterate his demand for a speedy trial." He argued that "due to his exclusion from the court during May and June his demand for a speedy trial was effectively and unjustly delayed."

¶ 21	On November 27, 2023, before beginning the jury trial, the trial court heard arguments on defendant's motion to dismiss the indictment. The court denied the motion, stating "that an attorney speaks for a client, for the most part," and that it could not "find anything of record to show that the speedy trial argument has merit."

¶ 22	Ultimately, the case proceeded to a jury trial, and defendant was found guilty of criminal sexual assault.

¶ 23	Defendant filed a motion for a new trial, arguing he was "entitled to a new trial on the following grounds: denial of motion to suppress statements, denial of the motions to dismiss, denial of motion to dismiss based on Sixth Amendment [(U.S. Const., amend. VI)] violation, [and] insufficient evidence to prove guilt." The trial court heard arguments on the motion at defendant's sentencing hearing and denied the motion. The court then sentenced defendant to 10 years' imprisonment.

¶ 24	This appeal followed.

¶ 25                                    II. ANALYSIS

¶ 26            On appeal, defendant argues the trial court erred in denying his motion for discharge where he established that the State failed to bring him to trial within the 120-day speedy-trial term "despite repeated demands for a speedy trial and the discharging of his attorneys." Specifically, defendant asserts, the court erred in "attributing to [him] the delays caused by the schedules of the court and the State, and his attorneys' agreement to continuances despite his objections." According to defendant, it is undisputed that 111 days were attributable to the State—namely, the 83 days from February 12, 2022, to May 5, 2022, plus the 28 days from October 30, 2023, to November 27, 2023. He maintains the "only question remaining is whether, between [his] first demand for a speedy trial on April 18, 2023, and when the State received the continuance from October[ ]30, 2023, there were at least nine days of delay that were not attributable to [him]."

¶ 27            Initially, we note the State argues defendant forfeited his speedy-trial claim by not including it with sufficient specificity in his motion for a new trial. However, we decline to find a forfeiture here and instead will address defendant's speedy-trial claim on the merits. See, *e.g.*, *People v. Holmes*, 2016 IL App (1st) 132357, ¶ 65 (noting that "forfeiture is a limitation on the parties and not the reviewing court").

¶ 28            Criminal defendants in Illinois have both a constitutional and statutory right to a speedy trial. See U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8; 725 ILCS 5/103-5(a) (West 2022). However, "the statutory right and the constitutional right are not coextensive." *People v. Cordell*, 223 Ill. 2d 380, 386 (2006) (citing *People v. Gooden*, 189 Ill. 2d 209, 217 (2000)). In this case, defendant argues only a violation of his statutory right. The speedy-trial statute provides the following, in pertinent part:

"Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he or she was taken into custody unless delay is occasioned by the defendant ***. Delay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record." 725 ILCS 5/103-5(a) (West 2022).

The 120-day period in which a defendant must be tried begins to run automatically. *People v. Wooddell*, 219 Ill. 2d 166, 174 (2006). "The period is tolled during any time when the defendant causes, contributes to, or otherwise agrees to a delay." *People v. Cross*, 2022 IL 127907, ¶ 20. "In other words, a pretrial delay caused or contributed to by defendant or otherwise agreed to by him is excluded from the computation of the 120-day period in which a trial must commence." *Id.* "When a defense attorney requests a continuance on behalf of a defendant, any delay caused by that continuance will be attributed to the defendant." *People v. Mayo*, 198 Ill. 2d 530, 537 (2002). "However, a defendant cannot be bound by his attorney's actions when he clearly and convincingly attempted to assert his right to discharge his attorney and proceed to an immediate trial." *Id.* "A defendant not tried within the statutory period must be discharged from custody, and the charges must be dismissed." *People v. Woodrum*, 223 Ill. 2d 286, 299 (2006) (citing 725 ILCS 5/103-5(d), 114-1(a)(1) (West 1998)).

¶ 29        A trial court's "determination as to whether a period of delay is attributable to the defendant and how much delay to attribute is entitled to great deference, and we will sustain the trial court's decision absent a clear showing that the trial court abused its discretion." *Cross*, 2022 IL 127907, ¶ 24. "An abuse of discretion occurs only where the trial court's ruling is arbitrary, fanciful, or so unreasonable that no reasonable person could take the trial court's

view." *Id.* "However, the ultimate question as to whether [the] defendant's statutory right to a speedy trial has been violated is a question of law subject to *de novo* review." *People v. Pettis*, 2017 IL App (4th) 151006, ¶ 17.

¶ 30 Defendant relies on *People v. Pearson*, 88 Ill. 2d 210 (1981), and *People v. Hilliard*, 2022 IL App (1st) 200744, in support of his speedy-trial claim. In *Pearson*, the trial court granted defense counsel a continuance over the defendant's objections on three separate occasions. As discussed on appeal in the appellate court, on the first occasion, the defendant objected by stating, " 'I don't have no attorney. I am ready for trial' "; on the second occasion, the defendant stated, " 'I'm ready for trial. Forget the motion' "; and on the final occasion, he stated, " '[Y]ou are not my attorney. And I am ready for trial.' " *People v. Pearson*, 88 Ill. App. 3d 616, 617-18 (1980). The supreme court held that the three continuances should not have been attributed to the defendant because he "clearly and convincingly attempted to assert his right to discharge his attorney and proceed to an immediate trial." *Pearson*, 88 Ill. 2d at 215. The supreme court found that under the circumstances, "where the defendant objects to his attorney's request for or acquiescence in a continuance by employing such terms as 'I'm ready for trial,' 'Forget the motion,' and 'you are not my attorney *** I'm ready for trial,' any continuance thereafter granted is not properly attributable to the accused." *Id.* The *Pearson* court further held that a continuance granted when the defendant was not present in court should not have been attributed to him because the facts demonstrated that "had defendant been in court, he would not have acquiesced in this delay either." *Id.*

¶ 31 In *Hilliard*, the defendant made the following statements at his initial appearance: " 'Defendant proceeds proper persona' "; " 'I wish to proceed proper persona' "; and " 'Defendant demands trial not by agreement. I wish to proceed proper persona.' " *Hilliard*, 2022

IL App (1st) 200744, ¶ 15. However, the trial court ignored the defendant's statements, and defense counsel agreed to a continuance. *Id.* The First District held that the continuance could not be attributed to the defendant because he clearly and convincingly requested to represent himself and demanded immediate trial. *Id.* ¶¶ 15, 26.

¶ 32    We find defendant's reliance on *Pearson* and *Hilliard* unpersuasive, as those cases are distinguishable from the facts here. According to defendant, "as in *Pearson* and *Hilliard*, [he] consistently and unequivocally demanded a speedy trial and repudiated his attorney's actions in requesting or agreeing to continuances from April 18, 2023 through the beginning of his trial on November 27, 2023." We agree that defendant demanded a trial and objected to the continuances requested by his attorneys. However, *Pearson* and *Hilliard* do not support defendant's assertion that this was all that was required for the continuances to not be attributed to him. Instead, those cases state that a continuance agreed to by defense counsel will not be attributed to the defendant only where the defendant demands an immediate trial *and* clearly and convincingly attempts to assert his right to discharge counsel. See *Pearson*, 88 Ill. 2d at 215; *Hilliard*, 2022 IL App (1st) 200744, ¶¶ 15, 26; see also *Mayo*, 198 Ill. 2d at 537 ("[A] defendant cannot be bound by his attorney's actions when he clearly and convincingly attempted to assert his right to discharge his attorney and proceed to an immediate trial."). Here, as discussed below, it was not until October 19, 2023, that defendant clearly and convincingly attempted to assert his right to discharge counsel and proceed *pro se* to an immediate trial.

¶ 33    On March 16, 2023, Netzley agreed to a continuance to May 3, 2023, for a potential plea hearing and agreed to a June 29 scheduling conference and a July 10 trial date. On April 18, 2023, defendant filed his first written demand for trial, stating he "wants to object to any continuances and wants to exercise his 120-day *** speedy trial right." However, defendant

did not request to discharge Netzley when making his demand for trial, and his stated objection "to any continuances" did not operate to free him from the consequences of his attorney's decisions. See *People v. Bowman*, 138 Ill. 2d 131, 141 (1990) ("In criminal proceedings, an attorney is authorized to act for his client and determine for him procedural matters and decisions involving trial strategy and tactics. [Citations.] Thus, the affirmative acts of a defendant's counsel cannot be separated from the defendant's own acts."); see also *People v. Kaczmarek*, 207 Ill. 2d 288, 298 (2003) ("[T]he decision to demand a speedy trial and to seek dismissal of the State's charges on such grounds are matters left to the sound strategic decision of counsel."). Therefore, the delay from April 18 to the May 3 court date was properly attributed to defendant.

¶ 34      On May 3, 2023, Netzley agreed to a continuance to June 8, 2023. Defendant's second demand for trial, made on May 15, 2023, in which he merely asserted that he did "not consent to the attorney continuance over his objection," was likewise ineffectual in separating him from the continuance agreed to by his attorney. See *People v. Carr*, 9 Ill. App. 3d 382, 384 (1972) (finding the continuance attributable to the defendant despite him "strenuously" objecting to his attorney's decision because the defendant did not attempt to discharge counsel at the hearing). As stated, the decision to seek a continuance is a strategic decision that counsel is permitted to make over a defendant's objection, and because defendant did not seek to discharge Netzley at the time of his second demand for trial, he was bound by his counsel's decision. *Bowman*, 138 Ill. 2d at 141; *Kaczmarek*, 207 Ill. 2d at 298. Although defendant discharged Netzley on May 25, 2023, he did not proceed *pro se* but instead hired Goldstin the same day, and Goldstin agreed to continue the case to June 28, 2023.

¶ 35      On June 28, Goldstin and the State agreed to continue the case to October 19, 2023, for a scheduling conference and agreed to a trial setting of October 30, 2023. Defendant

was present in court, but he did not object to the continuance, demand an immediate trial, or attempt to discharge Goldstin. We note defendant alleges the trial court prevented him from reasserting his speedy-trial demand at the June 28 hearing. However, defendant's allegation is not supported by the record, and we decline to give it credence. See, *e.g.*, *People v. Teen*, 2023 IL App (5th) 190456, ¶ 33 (stating that any doubts arising from an incomplete appellate record will be resolved against the appellant). Defendant's third and final written demand for trial, made on August 3, 2023, also failed to repudiate his acquiescence to the continuance agreed to by Goldstin over a month before, on June 28. See *Bowman*, 138 Ill. 2d at 141 ("If an in-court, contemporaneous objection to the motion to continue is not enough to [prevent tolling of] the speedy-trial period, an objection which occurred two months later surely cannot be."). Thus, the delays from May 3, 2023, to October 19, 2023, were properly attributed to defendant.

¶ 36        On October 19, 2023, defendant filed a motion for discharge and informed the trial court that he wished to proceed *pro se*. At this hearing, the court admonished defendant on his decision to proceed *pro se* and ultimately allowed Goldstin to withdraw. The court heard arguments on defendant's motion for discharge on October 25, 2023, and denied it. The delay from October 19 to October 25 was also properly attributed to defendant. See, *e.g.*, *People v. Forbes*, 2024 IL App (3d) 230152, ¶ 18 ("[D]elay includes not only the filing of defendant's motion but also the time associated with processing the motion, including time for the State to respond and for the court to hear and resolve the issues."). Thus, even assuming, *arguendo*, that the delay from October 25, 2023, to defendant's trial on November 27, 2023, was not attributable to defendant, he still would have been tried within the 120-day speedy-trial term—83 days from February 12, 2022, to May 5, 2022, plus 33 days from October 25, 2023, to November 27, 2023, equals 116 days. Accordingly, we find defendant's statutory right to a speedy trial was not

violated.

¶ 37                                    III. CONCLUSION

¶ 38          For the reasons stated, we affirm the trial court's judgment.

¶ 39          Affirmed.